## Johnson *v.* Atlantic and St. Lawrence Railroad.

Upon review, an action is to be tried substantially as if no judgment had been before rendered, and, without such trial, an error in the former judgment can not be corrected.

Where, at the November term, 1857, judgment was rendered upon a verdict returned May term, 1856, without adding interest upon the amount of the verdict, the plaintiff's motion for interest having been denied, but no exception taken or reserved, it was held, on a motion at April term, 1861, that interest ought to have been added to the verdict; but that, having failed to procure any bill of exceptions and transfer of the question, the party had lost his remedy, and the whole matter must be regarded as *res judicata.*

This was a review, by the original plaintiff, of the action *Johnson* v. *The Railroad,* in which judgment was rendered, November term, 1857, upon a verdict of May term, 1856, for $1,748 damages. At said November term the plaintiff moved to add the interest upon the verdict up to that time, but his motion was denied; and thereupon, without any exception, judgment was rendered for the amount of the verdict, and satisfied. Upon the review, the plaintiff claimed the interest, but the court ruled that interest could not be recovered, in this suit, without opening the merits of the whole action; and then the plaintiff moved to bring forward the original action, and correct the judgment by adding the interest, which motion was granted, subject to the defendant's exception.

*Benton & Ray*, for the plaintiff.

*Burns & Fletcher*, for the defendant.

Bellows, J. Upon review, the action is to be tried as if no verdict had ever been rendered—in the same manner as if no judgment had been "rendered thereon;" therefore, nothing can be done here, in the way of correcting an error in the former judgment, but by a trial of the cause anew, and opening the merits of the whole action.

The ruling of the court, to that effect, is therefore sustained.

After this ruling was announced, the writ of review being still pending, the original action was brought forward, and a motion made by the plaintiff to correct the judgment, by adding to it the amount of the interest on the verdict from the time it was rendered until judgment was entered up.

Upon the facts reported, we are of the opinion that the allowance of interest upon the amount of the verdict would have accorded with the general course of practice in this State, and is sustained both by principle and authority.

Up to the time of the decision of *Robinson* v. *Bland,* 2 Burr. 1085, the general practice appears to have been the other way in England, and even to allow no interest after the commencement of the action. But the question was much discussed in that case, by Lord *Mansfield,* and the allowance of such interest in general put upon very solid ground; holding that "nothing can be more agreeable to justice than that the interest should be carried down quite to the actual

payment; but as that can not be,·it should be carried on as far as the time when the demand is completely liquidated;" and he says he "don't know of any court in any country which does not carry interest down to the time of the last act by which the sum is liquidated." The recovery in this case was for money loaned, which was found by a special verdict·to be £300, and to that interest was added by the court to the rendition of the judgment; and there are remarks which seem to point to a distinction, in this respect, between actions of assumpsit and actions of trespass, and the like; but the general course of the reasoning applies to both kinds of actions.

This decision accords also with the practice of courts of equity, where interest, after the master's report, is usually added in making up the decree.    2 Dan. Ch. Pr. 1442, and notes; *Brown* v. *Barkham*, 1 P. Wms. 653; and *Pickens* v. *Baynton*, 1 Bro. Ch. Rep. 574.

The general doctrine of these cases is recognized in *Ondenburg* v. *Hallet*, 1 Johns. Cases 27; *People* v. *Gaine*, 1 Johns. 343; *Williams* v. *Smith*, 2 Caines 253; *Lord* v. *Mayor, &c.*, 3 Hill 426; *Ball* v. *Ketchum*, 2 Denio 188; *Vail* v. *Nickerson*, 6 Mass. 262; *Winthrop* v. *Curtis*, 4 Greenl. 297.    In many or most of these cases the allowance of interest upon the amount of the verdict is confined to cases where the delay was caused by the act of the defendant; but now, by statute in New-York, this distinction is disregarded.

By our statute, interest is now payable on all executions in civil actions from the time judgment is rendered (Comp. Stat. 496, sec. 6.); and it will be perceived that no distinction is made as to the nature of the action in which the judgment was rendered; and, it will also be observed, that this law carries out the suggestion of Lord *Mansfield*, that justice requires that interest should be carried down to the time of payment.    The verdict of the jury, if judgment is rendered upon it, must be regarded as showing the amount justly due at the time it is rendered, and, in most cases, whether *ex contractu* or *ex delicto*, interest, *eo nomine*, is included in the verdict, at least from the commencement of the suit; and in the other cases it may reasonably be supposed.that it is in some form taken into account.    No solid reason, we think, can be given for withholding the interest between the finding of the jury and the rendering of judgment, as it is quite clear that, under our law and practice, interest should be allowed at all other times, from the commencement of the suit at least, until payment and satisfaction of the judgment.

The question then is, whether the judgment can be examined and corrected in this way.    It appears that, at the time the judgment was rendered, application was made to the court to allow the interest; that the application was considered, and the interest disallowed, and, without any motion to transfer the question, the judgment was entered up and satisfied.

Under these circumstances, we think the whole matter must be regarded as *res judicata*.    It is not the case of a mere clerical error in entering up a judgment which was properly ordered by the court, nor an error caused by fraud, but it was entered up in accordance with the opinion of the court, from which neither party thought

proper to appeal or to take exceptions. The motion to bring forward and correct the judgment is made about three years and a half after it was rendered, and after the expiration of the time for bringing a writ of error. Should this motion be allowed to prevail, it is quite clear that the principle of it would introduce a summary proceeding that would, in a great degree, dispense with writs of error, and avoid the limitation to which they are subject. Beside, it may be proper to observe that it is by no means certain that a writ of error would lie in a case where there is a right of appeal or of a transfer of a bill of exceptions. See *Metcalf* v. *Swett*, 1 N. H. 338, and *Monk* v. *Gould*, 3 Met. 372. If not, the objection to such a motion as this would be still more marked. Moreover, if the order in this case, made at the trial term, had been acquiesced in, without reserving the question for the whole court, there would be nothing, upon the principle here invoked by the plaintiff, to prevent the bringing up of the case again after the lapse of years, and again correcting it by restoring the judgment to its original amount. But such, we think, is not the law; on the contrary, the judgment of the court at a trial term has, as a judgment, the same uncontrollable verity as any other, until it is reversed by appeal, writ of error, or some other recognized proceeding instituted for that purpose; and although the court have power to correct the entries in certain cases, yet, in general, the opinion of the court at a trial term, taking effect in a judgment or order, must be regarded as conclusive, unless due proceedings are instituted to reverse it. *Russell* v. *Dyer*, 39 N. H. 528. See *Claggett* v. *Simes*, 25 N. H. 402; *Divoll* v. *Atwood*, 41 N. H. 443, and cases cited; *State* v. *Richmond*, 26 N. H. 232; *Burnham* v. *Stevens*, 33 N. H. 247; *State* v. *Towle*, 42 N. H. 540. From the case of *Claggett* v. *Simes* it appears that these views are applied even in respect to the decisions of the judge, at a trial term, upon matters addressed to his discretion, and where there is no appeal in any form, it being held that such decisions have the conclusive effect of a judgment, as between the same parties, unless a different case is presented. And so is the doctrine of *Divoll* v. *Atwood*, and several cases there cited.

As to the writ of review, the ruling of the court must be sustained, and the order to correct the original judgment must be reversed, and the motion denied.