MARCH 12,                    RICE v. HOLDEN.
       1875.

An action omitted from the printed docket of the court by mistake ordered to be restored.

The plaintiff, at the November term, 1874, moved the circuit court for leave to bring this action forward from the docket of the supreme judicial court for said eastern judicial district, at the May term thereof, 1873, and for an order of notice upon the defendants by publication, property of the defendants having been attached on the writ in said suit, and no personal service having been made upon them, said action having been omitted from the printed docket since May term, 1873, by mistake.

The defendants resisted the motion and the further prosecution of this action, on the ground that a bill in equity was pending between the same parties, prosecuted by this plaintiff for the same cause of action embraced in the declaration in this suit; and such was the fact.

The questions of law thus raised, and the question of discretion, were transferred to this court by FOSTER, C. J., C. C.

LADD, J. There is no question before the court as to the effect of the pendency of the bill in equity upon the suit at law, nor of the pendency of the suit upon the bill. The simple question is, whether the name of a case omitted from the printed docket of the court by mistake shall be restored. I think the motion should be allowed.

CUSHING, C. J. It is quite within the ordinary practice of the court to bring forward actions which have been omitted from the docket. No better reason for so doing could well be assigned than that the action had been omitted by mistake. I think the motion should be allowed.

SMITH, J. An action will be brought forward upon the docket, as a matter of course, when either party desires to be heard on any motion in respect to it. The order to bring forward decides nothing, except that the court is ready to hear the party. *Russell* v. *Dyer*, 39 N. H. 528. Whether, when this case is brought forward, the court will compel the plaintiff to elect whether to proceed with his suit at law or in equity before hearing the parties, or at a later stage in the proceedings, or whether this is a case where the plaintiff should be compelled to make such election, are questions not now before the court.

*Motion granted.*