March 22, }
1876. }  ALDRICH *v.* WRIGHT.

*Practice— Vacating judgments— Orders of the superior court— When re-heard.*

An order of the late supreme court, vacating a judgment rendered at the trial term and granting a new trial, is in the nature of a judgment, and is final, and cannot be reheard except upon the like grounds and in like cases as the ordinary judgments of the court. The action will be restored to the docket of the circuit court as matter of course, and the cause stand for trial.

From Coös Circuit Court.

Motion, by the defendant, to bring forward and vacate a judgment entered up in the supreme judicial court.

The action was entered at the February term, 1870, of the supreme judicial court, and continued from term to term until August term, 1871, when a trial was had, a verdict was rendered for the plaintiff by direction of the court, and the questions of law arising upon it were reserved. At the January law term, 1872, of said court, judgment was ordered on the verdict, and at the February trial term, 1872, the entry of judgment on the verdict was made upon the docket, and March 16, 1872, execution was issued on said judgment against the defendant for

$42.40 debt, and costs taxed at $52.39, which execution has been duly returned, satisfied in full.

At the June law term, 1873, of said court, a motion was made by the defendant to bring forward and for a rehearing, and briefs were ordered. At the December law term, 1873, the following entry was made in said case upon the docket by the clerk, by order of the court: "Defts. motion granted; case bro't for'd; reheard; judg't vacated; writ of restitution to issue in favor of the deft. for the amount of the judgment; verdict set aside; new trial granted." August term, 1874, of the circuit court, the defendant made this motion now pending. It was continued to the February term, 1875, and at that term again continued to this term, when the court granted the motion, and the plaintiff excepted.

No writ of restitution has ever issued, and no entry has ever been made of the orders at the December law term, 1873, except the above. The writ, pleadings, and docket entries in the case may be referred to by either party in the argument.

The questions of law arising on the foregoing case were transferred from the circuit court by STANLEY, J., C. C.

*Aldrich & Shurtleff* and *G. A. Bingham*, for the plaintiff.

*Dudley*, and *Ray, Drew & Heywood*, for the defendant.

SMITH, J. At the January law term, 1872, of the supreme judicial court for this county, the exceptions taken by the defendant on the trial of this case were overruled, and judgment ordered on the verdict. At the February trial term, 1872, judgment was rendered according to the order, and execution issued, which was returned satisfied.

At the June law term, 1873, the defendant entered a motion to bring the action forward for a rehearing, and upon this motion briefs were ordered. At the ensuing December law term the motion was granted, the cause reheard, the exceptions sustained, the judgment vacated, a writ of restitution ordered to issue in favor of the defendant for the amount of the judgment, the verdict set aside, and a new trial granted. This was not done without the parties being heard, and, so far as appears, no exception was taken to the orders of the court. The defendant now asks that the orders be carried out; and the plaintiff moves to vacate the order whereby the judgment was vacated and a writ of restitution issued, and asks for a hearing on the question whether the court had the power to make such orders.

By ch. 97 of the acts of 1874, sec. 2, the circuit court has jurisdiction of all matters and things of which the supreme judicial court at a trial term had jurisdiction; and by section 3, the superior court has jurisdiction of all matters and things of which the supreme judicial court at a law term had jurisdiction; and by section 12, the records and files of the supreme judicial court are placed in the custody and under the control of this court.

It is well settled that the court has the power to vacate a judgment for good cause shown. *Adams* v. *Adams*, 51 N. H. 388, and authorities cited; *McClees* v. *Burt*, 5 Met. 198; *Stickney* v. *Davis*, 17 Pick. 169. There is no suggestion that this was done without notice. On the contrary, the case shows briefs were ordered, and the parties heard; and there is no suggestion that the rights of third parties were thereby affected. This order was in the nature of a judgment, and is final, and cannot be reheard except upon the like grounds and in like cases as the ordinary judgments of the court. *Russell* v. *Dyer*, 39 N. H. 528. The matter, then, must be regarded as *res adjudicata*. *Johnson* v. *Atlantic & St. Lawrence Railroad*, 43 N. H. 410.

It follows, therefore, that the action should have been brought forward upon the docket of the supreme judicial court at the trial term next succeeding the December law term, 1873, the judgment vacated, and the writ of restitution issued. The circuit court being the successor of the trial term of the supreme court, the action should be restored to the docket of that court as matter of course, and the orders entered upon the docket. No new motion or order in that court, or in this court, is necessary for that purpose. This being done, the cause will then stand in order for trial by jury, if either party elects.

CUSHING, C. J. By Gen. Stats., ch. 189, secs. 2 and 3, the jurisdiction of the law terms and the trial terms of the supreme judicial court is regulated and defined. The law terms and trial terms seem to have been as distinct as if they were separate courts. My understanding of the practice has been, that ordinarily the actions which were entered at the trial term remained there until their final determination. Ordinarily, when questions of law went from the trial term to the law term, the actions were entered upon the docket of the law term until orders were made. When an order was made at the law term, disposing of a question which had come to it from the trial term, the order was entered upon the docket of the law term, and the clerk took notice of it and made the corresponding entry on the docket of the trial term; and the entry so made disposed of the case so far.

According to this view of the matter, the case at bar was in the trial term. There the judgment was originally rendered according to the order from the law term; from thence the execution was issued, and to it the satisfied execution was returned.

When the court at the law term granted a rehearing, and on that rehearing ordered the judgment to be vacated, and the verdict set aside, it was the business of the clerk to make that entry on the docket of the trial term; and the entry being made, the judgment would have been vacated.

If that had been done at the time, as it should have been done, the action would have been pending at the trial terms when the courts were changed, and, with the other business of the trial term, would have been transferred to the circuit court, and been there pending. If this be so, it would seem there could be no doubt that the action is and

ought to be in the circuit court, and that it was the duty of that court to make the docket correct by bringing forward the action, and entering the order made at the law term upon the docket. This is substantially what has been done, and the action now stands for trial on the docket of the circuit court. This disposes of the only question which has been transferred from the circuit court, and I think it clear that the exception must be overruled.

It appears from the case that the rehearing was had, and the judgment vacated after the execution had been duly issued and satisfied. There is no doubt that, according to the case of *Adams* v. *Adams*, 51 N. H. 388, and cases therein cited, the supreme judicial court had power, for cause shown, to vacate judgments. In the case of *Adams* v. *Adams*, it was held that a decree of divorce might be vacated for fraud. So, mistakes may be corrected, and the entries amended when justice requires it.

What the occasion was for vacating the judgment is not apparent from the case, and therefore we have nothing in regard to it before us.

\* FOSTER, C. J., C. C., concurred.

*Exceptions overruled.*

---

\* LADD, J., having been of counsel, did not sit.