Rockingham
No. 84-197

HARTFORD INSURANCE COMPANY

v.

HEATHER M. WHITE

November 30, 1984

*Wadleigh, Starr, Peters, Dunn & Chiesa*, of Manchester (*Theodore Wadleigh* on the brief and orally), for the plaintiff.

*Sumner Kalman*, of Plaistow, and *James J. Fiorentini*, of Haverhill, Massachusetts (*Mr. Kalman* and *Mr. Fiorentini* on the brief, and *Mr. Fiorentini* orally), for the defendant.

DOUGLAS, J.   The plaintiff, Hartford Insurance Company (Hartford), petitioned for declaratory judgment to determine the amount of underinsured motorist benefits available to the defendant, Heather White, under two separate automobile insurance policies it had issued. The Superior Court (*Dalianis*, J.) determined that the total coverage potentially available to the defendant under the uninsured motorist endorsements of the two policies in question amounted to $125,000. The plaintiff appealed. We affirm.

The parties agree to the following facts. On January 8, 1983, Heather White was seriously injured when the car in which she was riding was involved in an automobile accident. The driver's automobile liability insurance carrier paid White the policy limit of $25,000.

At the time of the accident, White was insured under two separate automobile policies issued by Hartford. The first insurance policy was issued to her, and provided $100,000 in uninsured motorist coverage. The second policy was issued to her father, and provided $50,000 in uninsured motorist coverage. The parties agree that White is entitled to underinsured motorist benefits under *each* policy. They disagree, however, on the amount available to White under the two policies.

Both policies at issue contain the following "limits of liability" clause:

> "Any amount payable under the terms of this Section because of bodily injury sustained in an accident by a person who is an insured under this Section shall be reduced by
>
> (1) all sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured

automobile and (ii) any other person or organization jointly or severally liable together with such owner or operator for such bodily injury . . . ."

Hartford argues that the above-quoted clause requires that the $25,000 recovered from the driver's automobile liability carrier be deducted from *each* policy separately. In other words, the company contends that $25,000 must be deducted from the benefits available under the policy issued to White *and* from the benefits available under the policy issued to her father, reducing the amount available under each policy to $75,000 and $25,000, respectively. Consequently, the company argues that the total amount of underinsured motorist benefits available to White under both policies is $100,000.

White argues that under *Courtemanche v. Lumberman's Mutual Casualty Co.*, 118 N.H. 168, 385 A.2d 105 (1978) and *Vigneault v. Travelers Insurance Co.*, 118 N.H. 75, 382 A.2d 910 (1978), she is entitled to stack the uninsured motorist coverage under the two policies to determine the total amount of coverage available, and that she then needs to deduct *only once* the $25,000 recovered from the driver. Accordingly, it is her position that $125,000 in underinsured motorist coverage is available to her.

The issue presented in this case has been resolved by this court's recent decision in *Descoteaux v. Liberty Mutual Insurance Co.*, 125 N.H. 38, 480 A.2d 14 (1984). The material facts of *Descoteaux* are similar to those in the instant case. The insured in that case, as a result of an automobile accident, recovered $20,000 from the tortfeasor's automobile insurance carrier. He then sought to recover benefits under the uninsured motorist endorsements of two separate automobile insurance policies issued by the same carrier, each providing $20,000 in uninsured motorist coverage. He argued that, under New Hampshire law, he was entitled to stack the coverage available under the two policies to determine whether the tortfeasor was underinsured. The insurance carrier argued that the express language of the policies at issue required that the $20,000 recovered from the tortfeasor be deducted from eacy policy *separately* to determine whether, under that particular policy, the tortfeasor was underinsured.

In *Descoteaux*, we voided the language of the policy that precluded stacking and held:

"In this case, the plaintiffs paid two separate premiums on two separate policies, providing a total of $40,000 in uninsured motorist coverage. Accordingly, to give effect to the legislature's intention that the insured receives the amount that he would have been entitled to had the tort-

feasor been insured to the same extent as he, we conclude that the policy language is invalid and that the plaintiffs may stack the coverage of each uninsured motorist endorsement to determine the amount of coverage purchased. '[T]he insured [then] will receive the difference between the amount of his damages or the coverage, whichever is the lesser, and the tortfeasor's liability coverage . . . .'"

*Id.* at 45, 480 A.2d at 19 (quoting *Vigneault v. Travelers Ins. Co.,* 118 N.H. 75, 79, 382 A.2d 910, 913 (1978)).

Hartford argues that the result in *Descoteaux* is not applicable to the case at bar because the policy language at issue is different. In *Descoteaux,* we construed the validity of a policy definition that, in effect, required that the determination whether a tortfeasor is underinsured be made by considering each applicable policy separately. *Id.* at 45, 480 A.2d at 19. In the instant case, we are considering the effect of a "limits of liability" clause.

We.are not persuaded by the plaintiff's argument. In *Merchant's Mutual Insurance Group v. Orthopedic Professional Association,* 124 N.H. 648, 480 A.2d 840 (1984), this court considered the validity of a "limits of liability" clause that reduced the uninsured motorist coverage of certain policies. Reasoning that this court has taken a harsh view of attempts to reduce uninsured motorist benefits below the statutory scope of coverage, we invalidated the policy provision and permitted the insured to recover to the extent of his policies' limits. *Id.* at 655, 480 A.2d at 844. As we stated in *Descoteaux v. Liberty Mutual Insurance Co. supra,* the legislature intended that the insured "recover the amount that he would have been entitled to had the tortfeasor been insured to the same extent as [he]." *Descoteaux,* 125 N.H. at 45, 480 A.2d at 19. Because the "limits of liability" clauses at issue would reduce the amount of uninsured motorist benefits below the statutory scope of coverage, we invalidate those provisions and conclude that the defendant may stack the coverage of each uninsured motorist endorsement to determine the amount of coverage purchased and then deduct, from that total, the amount received from the tortfeasor. *Descoteaux v. Liberty Mut. Ins. Co.,* 125 N.H. 38, 45, 480 A.2d 14, 19 (1984); *Vigneault v. Travelers Ins. Co.,* 118 N.H. 75, 79, 382 A.2d 910, 913 (1978).

Accordingly, we conclude that the superior court was correct in ruling that the total coverage available to the defendant under the uninsured motorist endorsements of the two policies in question is $125,000.

*Affirmed.*

BROCK and SOUTER, JJ., dissented; the others concurred.

Brock, J., with whom Souter, J., joins, dissenting: In my dissent in *Descoteaux v. Liberty Mut. Ins. Co. supra*, I noted that this court has recognized the right of an insurance carrier to limit its liability, as long as the limitation is unambiguous and does not lead to a windfall for the carrier. *Eckert v. Green Mt. Ins. Co.*, 118 N.H. 701, 394 A.2d 55 (1978). I believe that this rule is applicable to the two policies involved in the instant case, since both policies contained an express limitation which was reflected in the premium paid for each. As in *Descoteaux*, the majority is effectively rewriting the contract for the parties. Accordingly, I respectfully dissent.