Hillsborough-northern judicial district
No. 95-864

RONALD L. AND MARJORIE A. CALABRARO

v.

METROPOLITAN PROPERTY AND CASUALTY INSURANCE
COMPANY

September 26, 1997

*Nixon, Raiche, Manning & Branch, P.A.*, of Manchester (*B.J. Branch* on the brief and orally), for the plaintiffs.

*Wiggin & Nourie, P.A.*, of Manchester (*Gary M. Burt* on the brief and orally), for the defendant.

HORTON, J. In this declaratory judgment action, *see* RSA 491:22 (1997), the Superior Court (*Barry*, J.) ruled that the plaintiffs,

Ronald L. and Marjorie A. Calabraro, were entitled to $37,500 in uninsured motorist coverage pursuant to their policy with the defendant, Metropolitan Property and Casualty Insurance Company. The defendant appeals, arguing that it has no obligation to provide uninsured motorist coverage. The plaintiffs cross-appeal, arguing that the defendant is obligated to provide uninsured motorist coverage in the amount of $75,000. Because we agree with the defendant, we reverse.

The parties agreed to the following facts. In July 1993, plaintiff Marjorie A. Calabraro suffered severe personal injuries in a motor vehicle accident as a passenger in an automobile owned and operated by her father-in-law, Louis Calabraro. The accident resulted from a series of rear-end collisions: a vehicle operated by Lisa M. Funari struck a different vehicle, which in turn struck Louis Calabraro's automobile.

Louis Calabraro was insured by Allstate Insurance Company (Allstate) pursuant to an automobile policy with uninsured motorist limits of $100,000 per person. The plaintiffs were insured by the defendant pursuant to an automobile policy with uninsured motorist limits of $100,000 per person. Funari was also insured by the defendant pursuant to an automobile policy with limits of $25,000 per person.

The plaintiffs, with the permission of Allstate and the defendant, settled their liability claim against Funari for $25,000. With the defendant's permission, the plaintiffs also settled their uninsured motorist claim against Allstate. Allstate was the primary provider of uninsured motorist coverage because it covered Louis Calabraro's vehicle — the vehicle that plaintiff Marjorie A. Calabraro occupied at the time of the accident.

The parties' dispute centered on whether the defendant was obligated to provide additional uninsured motorist coverage based on the plaintiffs' policy. In the section dealing with uninsured motorist coverage, the plaintiffs' policy provides:

> OTHER INSURANCE
> If there is other similar insurance, **we** will pay only **our** fair share. The total amount **you** recover under all policies will be limited to the highest of the applicable limits of liability of this insurance and such other insurance.
>
> **Our** fair share is the proportion that **our** limit bears to the total of all applicable limits. However, if **you** do not own the **automobile, our** insurance will be excess over other similar insurance available to the **insured** but only in the amount

by which the limit of liability of this policy exceeds the limit of liability of the other available insurance. If there is other excess or contingent insurance, **we** will pay **our** fair share.

Relying on the sentence concerning situations in which the insured does not own the vehicle involved in the accident, the defendant denied coverage. The defendant claimed that its policy was excess to that of Allstate and that its policy limits of $100,000 did not exceed the Allstate policy limits of $100,000. The plaintiffs, pointing to the same policy language, contended that the defendant owed them coverage of $75,000 — the amount by which their policy limits exceeded the $25,000 limits of "other available insurance" from Funari's policy.

The superior court ruled that the defendant was obligated to provide coverage equal to its "fair share" of the $75,000 difference between the plaintiffs' policy limits and Funari's policy limits. The court treated the Allstate policy as other "contingent insurance" under the last sentence of the quoted provision, and concluded that the defendant was obligated to provide coverage of $37,500 because the Allstate policy had the same limits as the plaintiffs' policy. Both sides appealed.

■ "The interpretation of insurance policy language is ultimately a question of law for this court to decide." *Concord Gen. Mut. Ins. Co. v. Mitchell*, 138 N.H. 229, 231, 637 A.2d 903, 904 (1994). In interpreting policy language that purports to limit liability or prevent stacking, we construe ambiguities in favor of the insured and against the insurer. See *Brouillard v. Prudential Prop. & Cas. Ins. Co.*, 141 N.H. 710, 712, 693 A.2d 63, 65 (1997). "In determining whether an ambiguity exists, we will look to the claimed ambiguity, consider it in its appropriate context," *Robbins Auto Parts, Inc. v. Granite State Ins. Co.*, 121 N.H. 760, 764, 435 A.2d 507, 509 (1981), and "construe the terms of the policy as would a reasonable person in the position of the insured on more than a casual reading of the policy as a whole," *Brouillard*, 141 N.H. at 712, 693 A.2d at 66 (quotation omitted). If no reasonable interpretation of the disputed policy language favors coverage, we will not create an ambiguity simply to resolve it against the insurer. See *Int'l Surplus Lines Ins. Co. v. Mfgs. & Merchants Mut. Ins. Co.*, 140 N.H. 15, 20, 661 A.2d 1192, 1195 (1995).

The plaintiffs' policy provides that, when the insured does not own the vehicle involved in the accident, "[the defendant's] insurance will be excess over other similar insurance available to the insured but only in the amount by which the limit of liability of this policy

exceeds the limits of liability of the other available insurance." (Emphasis omitted). Although the parties agree that this provision applies, they dispute its meaning. The plaintiffs argue that the phrases "other similar insurance available to the insured" and "other available insurance" are ambiguous because they could refer to *any* "insurance available to compensate them for personal injuries," and not just to uninsured motorist coverage. The plaintiffs contend that the phrases refer to the *liability* insurance provided by Funari's policy and that the defendant must provide $75,000 in excess coverage.

█ The phrases at issue appear in a policy section clearly pertaining to uninsured motorist coverage. The context indicates that both phrases refer to other uninsured motorist coverage, not dissimilar liability insurance. Indeed, in this context, "the word 'similar' is uniformly understood to mean other uninsured motorist insurance, and . . . it does not include any other type of insurance that may indemnify an injured person." 1 A. WIDISS, UNINSURED AND UNDERINSURED MOTORIST INSURANCE § 13.2 (2d ed. 1992). We therefore reject the plaintiffs' argument that they are entitled to $75,000 in uninsured motorist coverage from the defendant.

█ Turning to the defendant's arguments, we agree that the superior court erred in applying the "fair share" and "contingent insurance" language from the last sentence of the provision, rather than the "excess over other similar insurance" language from the preceding sentence. The superior court's characterization of the Allstate policy as other "contingent insurance" disregarded the parties' stipulation that Allstate was the primary carrier of uninsured motorist coverage. Since the record indicates that the Allstate policy was not provided to the superior court, the court could not have based its characterization on any specific terms in the Allstate policy. *Cf. Universal Underwriters Ins. Co. v. Allstate Ins. Co.*, 134 N.H. 315, 318, 592 A.2d 515, 517 (1991) (discussing two policies that contained conflicting excess coverage provisions). Furthermore, as discussed above, the plaintiffs' policy provided that the defendant's insurance was excess to other uninsured motorist coverage available to the plaintiffs. Equating such other uninsured motorist coverage with "contingent insurance" under the last sentence of the quoted provision would render the penultimate sentence of the provision meaningless. *Cf. Int'l Surplus Lines Ins. Co.*, 140 N.H. at 19, 661 A.2d at 1195 (language in insurance policy not presumed to be mere surplusage).

Accordingly, the defendant's uninsured motorist coverage was excess to the uninsured motorist insurance available to the plaintiffs from Allstate. Pursuant to the penultimate sentence, the maximum sum payable by the defendant would be "the amount by which the limit of liability of [the plaintiffs'] policy exceeds the limit of liability of the other available insurance" from Allstate. Since the Allstate policy had a limit of $100,000 and the plaintiffs' policy with the defendant had a limit of $100,000, the defendant had no obligation to provide uninsured motorist coverage to the plaintiffs. *See Government Empl. Ins. Co. v. Abbensett*, 659 N.Y.S.2d 73, 74 (App. Div. 1997).

*Reversed.*

BROCK, C.J., did not sit; the others concurred.