Hillsborough-northern judicial district
No. 96-327

TRACEY AND GREGORY DEYETTE

v.

LIBERTY MUTUAL INSURANCE COMPANY

December 31, 1997

*Meade & Loring, P.C.*, of Portsmouth (*Charles A. Meade* on the brief and orally), for the plaintiffs.

*Ouellette, Hallisey, Dibble and Tanguay, P.A.*, of Dover (*Stephen J. Dibble* on the brief and orally), for the defendant.

BROCK, C.J. Liberty Mutual Insurance Company, the defendant in the declaratory judgment action below, appeals from an order of the Superior Court (*Smukler*, J.). The plaintiffs, Tracey and Gregory Deyette, had petitioned the trial court to determine the extent of underinsured motorist benefits available to the injured insured, Tracey Deyette. On appeal, the defendant argues that the trial court erred in prohibiting it from reducing benefit payments to the

plaintiffs by the amount they received from the tortfeasor motorist and requiring it to pay attorney's fees and costs. We reverse.

The trial court found the following facts. Matthew MaCarty (tortfeasor) caused an automobile accident that injured Tracey Deyette. A panel of arbitrators determined that Tracey Deyette suffered bodily injury damages in the amount of $125,000 and Gregory Deyette suffered loss of consortium damages in the amount of $5,000. The tortfeasor's insurer paid $25,000, the maximum amount under his policy. The plaintiffs submitted a claim to the defendant for the remaining damages. Tracey Deyette's policy with the defendant provides underinsured motorist coverage in the amount of $100,000 per person with a $300,000 limit for each accident. The defendant paid Tracey Deyette $75,000, the difference between the $100,000 policy limit and the amount paid by the tortfeasor's insurer.

The plaintiffs filed a petition for declaratory judgment alleging that the defendant is prohibited from reducing its payment by the amount paid by the tortfeasor's insurer and that the plaintiffs are entitled to attorney's fees and costs. The trial court ruled that the defendant may not reduce the benefit payment by the amount the tortfeasor's insurer paid in this case and, pursuant to RSA 491:22-b (1997), awarded attorney's fees and costs incurred pursuing Tracey Deyette's claim.

■ ■ The defendant argues that the trial court erred in concluding that the policy provision limiting the defendant's liability contravenes RSA 264:15 (1993), and in ruling that an insurer is liable for the difference between the amount of the insured's damages or the uninsured motorist coverage, whichever is greater, and the tortfeasor's liability coverage. We look first at the policy language, which we interpret as a matter of law. *See, e.g., Concord Gen. Mut. Ins. Co. v. Mitchell*, 138 N.H. 229, 231, 637 A.2d 903, 904 (1994). "[W]e take the plain and ordinary meaning of the policy's words in context, and we construe the terms of the policy as would a reasonable person in the position of the insured based on more than a casual reading of the policy as a whole." *Brouillard v. Prudential Prop. & Cas. Ins. Co.*, 141 N.H. 710, 712, 693 A.2d 63, 66 (1997) (quotation omitted). We will enforce a policy provision that limits the insurance company's liability when the policy language is clear and unambiguous. *See id.* at 717, 693 A.2d at 68.

The policy included the following limiting clause:

> With respect to damages caused by an accident with an "underinsured motor vehicle" . . . [t]he limit of liability

> shall be reduced by all sums paid because of the "bodily injury" by or on behalf of persons or organizations who may be legally responsible.

Underinsured motorist insurance coverage typically includes this language. *See* 3 A. WIDISS, UNINSURED AND UNDERINSURED MOTORIST INSURANCE § 41.7, at 287 (2d ed. Supp. 1997). We conclude that the policy language clearly and unambiguously allows the defendant to limit its liability.

We next consider whether this language is inconsistent with RSA 264:15. "This court . . . is the final arbiter of the legislature's intent as expressed in the words of the statute considered as a whole." *Brouillard*, 141 N.H. at 714, 693 A.2d at 67 (quotation omitted). The statute requires insurers to provide uninsured motorist coverage equal to the liability coverage elected by the insured. RSA 264:15, I. The purpose of RSA 264:15 is to "protect [policy holders] against losses caused by irresponsible automobile drivers with insufficient insurance coverage to pay for the [insured's] injuries." *U.S. Automobile Assoc. v. Wilkinson*, 132 N.H. 439, 443, 569 A.2d 749, 751 (1989). An insured can "reasonably expect[] to be protected against *uninsured motorists* up to the amount for which he paid." *Vigneault v. Travelers Ins. Co.*, 118 N.H. 75, 80, 382 A.2d 910, 914 (1978) (emphasis added). Insurers paying underinsured motorist claims may offset any payment by amounts recovered from "any person or organization legally responsible for the bodily injury for which such payment is made." RSA 264:15, IV.

The defendant argues that the trial court erroneously applied a line of cases involving multiple tortfeasors and the rights of underinsured motorist carriers to offset benefits payable to the insureds by the amounts paid by joint tortfeasors other than the underinsured motorist tortfeasors. These cases, beginning with *Raitt v. National Grange Mutual Insurance Co.*, 111 N.H. 397, 285 A.2d 799 (1971), prohibit an insurer from setting off an insured's compensation by any amount paid by joint tortfeasors, other than an uninsured motorist tortfeasor, unless the compensation would exceed the insured's actual damages. *See, e.g., Bonte v. American Global Ins. Co.*, 136 N.H. 528, 532, 618 A.2d 825, 827 (1992). These cases interpreted RSA 264:15 as granting "carriers of uninsured/underinsured motorist coverage a right of 'subrogation' only as to amounts recovered from the *uninsured motorist*." *Id.* at 531, 618 A.2d at 825 (quotation omitted) (emphasis added).

■ In cases involving only a single underinsured motorist tortfeasor, we have held that an insurer is liable on its uninsured

motorist policy for the "difference between the amount of [the insured's] damages or the coverage, whichever is the lesser, and the tort-feasor's liability coverage." *Vigneault*, 118 N.H. at 79, 382 A.2d at 913. Recovery by an insured from an underinsured motorist tortfeasor triggers an insurer's right to reduce payment under uninsured motorist coverage, even though the injured insured has not been fully compensated. *Cf. Bonte*, 136 N.H. at 532, 618 A.2d at 827 (insurer's subrogation rights against non-motorist tortfeasors triggered only after insured receives full compensation).

■ The plaintiffs purchased uninsured motorist coverage from the defendant with a limit of $100,000 per person. The plaintiffs essentially guaranteed that any other driver who collided with them would have minimum coverage of $100,000, and the plaintiffs should reasonably expect to recover only up to that amount for any claim against an uninsured or underinsured motorist. *See* WIDISS, *supra* § 41.7, at 297. Accordingly, we hold that the defendant is entitled to reduce its $100,000 payment to the plaintiff by $25,000, the amount the tortfeasor motorist paid to the plaintiff. The trial court erred in ruling otherwise.

We also reverse the trial court's award of attorney's fees and costs because the plaintiffs have not prevailed on their petition for declaratory judgment. *See* RSA 491:22-b.

*Reversed.*

All concurred.