Belknap
No. 97-610

## SARA A. WYATT

v.

## MARYLAND CASUALTY COMPANY & a.

October 20, 1999

*Normandin, Cheney & O'Neil,* of Laconia (*A.G. O'Neil, Jr.* and *Anne M. Rice* on the brief, and *Mr. O'Neil* orally), for the plaintiff.

*Devine, Millimet & Branch, P.A.,* of Manchester (*Andrew D. Dunn* and *Julie A. Dascoli* on the brief, and *Ms. Dascoli* orally), for defendant Maryland Casualty Company.

*McDonough & Lindh, P.A.,* of Manchester (*Brian T. McDonough* on the brief and orally), for defendant Universal Underwriters Insurance Company.

BRODERICK, J. The plaintiff, Sara A. Wyatt, and the defendants, Maryland Casualty Company (Maryland) and Universal Underwriters Insurance Company (Universal), filed cross-motions for summary judgment to determine the underinsured motorist benefits available to the plaintiff under three separate insurance policies. The Superior Court (*McHugh,* J.) determined that because the plaintiff had received liability coverage under one of the policies, she was entitled to receive underinsured motorist coverage only under the two remaining policies. On appeal, the plaintiff argues that prohibiting her recovery of both liability and underinsured motorist benefits under a single policy misinterprets the policy language, contravenes New Hampshire law, and creates an inequitable result. We affirm.

I

For purposes of this appeal, the parties agree to the following facts. In April 1994, the plaintiff was seriously injured in a single-car accident while riding in a vehicle owned by her brother and driven with his permission by her friend. The vehicle was

insured under an automobile policy issued by Maryland to the plaintiff's brother. The policy provided liability coverage of $100,000 per person and underinsured motorist benefits in the same amount. Maryland paid the plaintiff the $100,000 liability limit under her brother's policy.

As a resident of her father's household, the plaintiff claimed entitlement to underinsured motorist benefits under two insurance policies issued to her father: a motor vehicle policy issued by Maryland that provided $100,000 in underinsured motorist coverage, and a motorcycle policy issued by Universal that provided $25,000 in underinsured motorist coverage. The plaintiff does not dispute that the combined underinsured motorist coverage to which she is entitled is subject to a credit of $100,000 for the liability payment she recovered under her brother's policy. The plaintiff received underinsured motorist benefits of $25,000 under her father's policies. The sole issue on appeal is whether the plaintiff is also entitled to underinsured motorist benefits under her brother's policy when she has already recovered under the liability section of that policy.

## II

The plaintiff first argues that the trial court erroneously prohibited her from stacking the underinsured motorist coverage under her brother's policy with the underinsured motorist coverage under her father's policies.

The interpretation of an insurance policy is a question of law for this court to decide. *Calabraro v. Metropolitan Prop. & Cas. Ins. Co.*, 142 N.H. 308, 310, 702 A.2d 310, 312 (1997). "In interpreting policy language that purports to limit liability or prevent stacking, we construe ambiguities in favor of the insured and against the insurer." *Id.* "We will not, however, force an ambiguity simply to resolve it against an insurer." *Brouillard v. Prudential Prop. & Cas. Ins. Co.*, 141 N.H. 710, 712, 693 A.2d 63, 66 (1997). "In determining whether an ambiguity exists, we take the plain and ordinary meaning of the policy's words in context, and we construe the terms of the policy as would a reasonable person in the position of the insured based on more than a casual reading of the policy as a whole." *Id.* (quotation omitted).

The policy at issue provides for $100,000 in liability benefits (Coverage A), and $100,000 in underinsured motorist benefits (Coverage G). It also contains the following limitation for underinsured motorist coverage:

(c) With respect to an accident involving an underinsured motor vehicle, the limit of liability for this coverage shall be reduced by all sums paid on account of such bodily injury by or on behalf of:

(1) the owner or operator of the underinsured automobile; and

(2) any other person or organization jointly or severally liable together with such owner or operator for such bodily injury including all sums paid under Coverage A.

(d) Any payment made under this Part to or for any insured shall be applied in reduction of the amount of damages which he may be entitled to recover from any person insured under Coverage A.

■ This policy language clearly and unambiguously sets off any recovery under Coverage G, the underinsured motorist section of the policy, by the amount collected under Coverage A, the liability section of the policy. Because the plaintiff recovered $100,000 under the policy's liability section, she cannot recover additional funds under the underinsured motorist section of the policy. "When an injured person has recovered the full amount of the liability insurance provided . . . there is no persuasive reason why the claimant should also be allowed to, in effect, transform the underinsured motorist insurance benefits of the *same* policy into additional liability insurance coverage in opposition to a clear and unambiguous provision providing for an offset of the amount of liability insurance from the amount of underinsured motorist insurance." 3 A. WIDISS, UNINSURED AND UNDERINSURED MOTORIST INSURANCE § 41.8, at 305-06 (2d ed. 1995) (emphasis added).

The plaintiff attempts to construct an ambiguity in the policy by focusing on its definition of an "underinsured motor vehicle," which the policy defines as

a motor vehicle with respect to the ownership, maintenance, or use of which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the sum of the applicable limits of bodily injury liability under this and any other similar insurance available in [*sic*] the insured.

■ The plaintiff argues that this definition contemplates the inclusion of the $100,000 in underinsured motorist coverage when calculating the total underinsured motorist protection available to

her as an occupant of her brother's vehicle. We disagree. The definition explicitly refers to bodily injury liability coverage. It provides that a motor vehicle is underinsured for the purposes of underinsured motorist coverage when the amount of bodily injury liability coverage on the vehicle at the time of the accident is less than the applicable limits of bodily injury liability coverage available to the insured. Here, the amount of liability coverage available to the tortfeasor under the brother's policy is equal to the amount of liability coverage available to the plaintiff as an insured under his policy. Because the plaintiff recovered the full amount of liability coverage under her brother's policy, she thus received the benefits she would have been entitled to under the underinsured motorist section of his policy, and, therefore, the underinsured motorist provision of that policy is not triggered in this case. Accordingly, the trial court properly precluded the plaintiff from recovering underinsured motorist benefits under her brother's policy.

## III

The plaintiff next argues that preventing her recovery of both liability and underinsured motorist benefits under her brother's policy contravenes public policy as set forth in New Hampshire's Financial Responsibility Act. See RSA 264:15 (1993).

"In matters of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. We look first to the statutory language itself, and where possible, we ascribe the plain and ordinary meanings to words used." Gisonni v. State Farm Mut. Auto. Ins. Co., 141 N.H. 518, 519, 687 A.2d 709, 709-10 (1996) (quotations and citations omitted). RSA 264:15 provides, in pertinent part:

> No policy shall be issued under the provisions of RSA 264:14, with respect to a vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto at least in amounts or limits prescribed for bodily injury or death for a liability policy under this chapter, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or drivers of uninsured motor vehicles . . . . When an insured elects to purchase liability insurance in an amount greater than the minimum coverage required by RSA 259:61, his uninsured motorist coverage shall automatically be equal to the liability coverage elected.

. . . .

> In the event of payment to any person under the coverage required by this section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made, including the proceeds recoverable from the assets of the insolvent insurer . . . .

RSA 264:15, I, IV.

■ The statute requires insurers to provide uninsured motorist coverage equal to the liability coverage elected by their insureds. *See* RSA 264:15, I. The purpose of the statute is to "protect policy holders against losses caused by irresponsible automobile drivers with insufficient insurance coverage to pay for the insured's injuries" by allowing insureds "to be protected against uninsured motorists up to the amount for which [they] paid." *Deyette v. Liberty Mut. Ins. Co.*, 142 N.H. 560, 562, 703 A.2d 661, 662 (1997) (quotations, brackets, and emphasis omitted).

■ Assuming without deciding that the plaintiff is an "insured" within the meaning of the statute, *see* RSA 259:61 (1993), we conclude that the statute does not apply to the plaintiff in the context of this case. Nothing in RSA 264:15 indicates that an injured party is entitled to both liability and underinsured motorist benefits under a single insurance policy. The statute merely requires that where an insured chooses to purchase liability coverage greater than the statutory minimum, underinsured motorist coverage shall be equal to that amount. In so doing, the insured is protected from tortfeasors who have lower liability coverage. Here, the plaintiff has received in liability coverage what she would have been entitled to receive in underinsured motorist coverage under her brother's policy, and, therefore, the purpose of the statute has not been circumvented.

Indeed, the reference to subrogation rights in the statute indicates the legislature's intent that the underinsured motorist provisions apply when the amount of liability coverage available from the tortfeasor is less than the amount of underinsured motorist coverage available to the insured. *See* RSA 264:15, IV. Accordingly, the statute allows the injured party's insurer to offset its liability under

its uninsured motorist provision to its injured policy holder by the amounts recovered from the underinsured tortfeasor's insurer, or from the tortfeasor personally. *See, e.g., Deyette*, 142 N.H. at 562-63, 703 A.2d at 663. Because the plaintiff in this case was involved in a single-car collision and has already collected the full benefits under the liability provision of her brother's policy, the statute does not confer additional benefits upon her with respect to that policy.

Although the plaintiff cites several cases to support her contention that the statute extends underinsured motorist coverage to any injured party who has not been fully compensated under a liability provision, those cases are inapposite. *See generally Deyette*, 142 N.H. 560, 703 A.2d 661; *Hartford Ins. Co. v. White*, 125 N.H. 767, 484 A.2d 1222 (1984); *Gay v. Preferred Risk Mut. Ins. Co.*, 114 N.H. 11, 314 A.2d 644 (1974); *Raitt v. National Grange Mut. Ins. Co.*, 111 N.H. 397, 285 A.2d 799 (1971). Each case involved injured parties who sought underinsured motorist coverage from their own policies when the tortfeasor's liability limits proved insufficient to compensate them for their damages and their underinsured motorist coverage was greater than the tortfeasor's liability coverage. In no case was an injured party seeking both liability and underinsured motorist coverage under the *same* policy. Here, there is no dispute that the plaintiff was entitled to underinsured motorist benefits under her father's policies, subject to the $100,000 credit for the liability payment she recovered under her brother's policy.

## IV

■   Finally, the plaintiff argues that preventing her from stacking underinsured motorist coverage under all three policies produces an inequitable result. We disagree. Because the plaintiff has already received the full liability coverage under her brother's policy, as well as all underinsured motorist benefits to which she is entitled by contract and statute, she is not entitled to receive any additional benefits under these policies, even though she may not have been fully compensated for her injuries. *Cf. Deyette*, 142 N.H. at 563, 703 A.2d at 663 (holding injured party's insurer liable for difference between amount of insured's damages or limit of underinsured motorist coverage, whichever was lesser, and tortfeasor's liability coverage, even though insured was not fully compensated). In light of our holding, we need not address the plaintiff's remaining arguments.

*Affirmed.*

All concurred.