Carroll
No. 99-229

GRETCHEN LEBROKE & a.

v.

UNITED STATES FIDELITY & GUARANTY INSURANCE COMPANY

April 4, 2001

*Downs Rachlin & Martin PLLC*, of Littleton (*Gregory M. Eaton* on the brief, and *Gregory S. Clayton* orally), for the plaintiffs.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Andrew D. Dunn* and *Joelle G. Collins* on the brief, and *Mr. Dunn* orally), for the defendant.

*Law Offices of Gary H. McKible, P.C.*, of Concord (*Gregory R. Couture*) for the intervenor, Judy Rigmont, submitted no brief.

NADEAU, J. The defendant, United States Fidelity & Guaranty Insurance Company appeals the order of the Superior Court (*Fauver*, J.), granting partial summary judgment to the plaintiffs, Gretchen Lebroke and Vermont Mutual Insurance Company (Vermont Mutual). The court ruled that the defendant's automobile insurance policy covers liability arising from a dog bite sustained by the intervenor, Judy Rigmont, while she was loading brochures into an automobile. We reverse.

We briefly review the facts and procedural history. On March 3, 1996, Lebroke's dog bit Rigmont while she was attempting to load brochures into Lebroke's automobile. At that time, Lebroke was covered by a personal automobile insurance policy issued by the defendant and a homeowner's policy issued by Vermont Mutual.

Rigmont sued Lebroke. Vermont Mutual defended Lebroke in that suit, which was eventually settled. Subsequently Vermont Mutual and Lebroke filed this declaratory judgment action, seeking indemnification from the defendant. Both parties moved for sum-

mary judgment on whether the defendant's automobile insurance policy covered the March 3, 1996 incident. After the superior court granted partial summary judgment in favor of the plaintiffs, this appeal followed.

In reviewing the grant of summary judgment, we consider the affidavits and pleadings in the light most favorable to the non-moving party. *See Weaver v. Royal Ins. Co. of America*, 140 N.H. 780, 781 (1996). If there is no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, the grant of summary judgment is affirmed. *Id.*

■ "The interpretation of terms in insurance policies is a question of law for this court to determine." *Akerley v. Hartford Ins. Co.*, 136 N.H. 433, 439 (1992). In determining the terms of a policy, "we take the plain and ordinary meaning of the policy's words in context, and we construe the terms of the policy as would a reasonable person in the position of the insured based on more than a casual reading of the policy as a whole." *Whitcomb v. Peerless Ins. Co.*, 141 N.H. 149, 150 (1996) (quotations and brackets omitted).

The policy provides: "We will pay damages for 'bodily injury' or 'property damage' for which any 'insured' becomes legally responsible because of an auto accident." This policy, therefore, only provides coverage if the injury or damage arises from an "auto accident." "Auto accident" is undefined in the policy.

Until now, we have declined to define "auto accident." *See, e.g., Akerley*, 136 N.H. at 438. In the context of homeowner liability policies, we broadly define "accident" as "an undesigned contingency, . . . a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated, and not naturally to be expected." *Vermont Mut. Ins. Co. v. Malcolm*, 128 N.H. 521, 523 (1986) (quotations omitted). Of course, the modifier "auto" limits this definition.

One court, applying the test of whether the "average person" would consider a stabbing that occurred in the insured automobile to be an "automobile accident," concluded that "the average person would probably say only that [the insured] was stabbed while sitting in his automobile" and therefore denied coverage. *See Farmers Ins. Co. of Washington v. Grelis*, 718 P.2d 812, 813 (Wash. Ct. App. 1986).

■ In a case factually similar to the one at bar, a Texas court narrowed the definition of "auto accident" to require, at the very least, the involvement of an automobile. *See State Farm Mut. Ins. Co. v. Peck*, 900 S.W.2d 910, 913 (Tex. App. 1995); *see also Farmers Texas County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 83 (Tex. 1997).

That court concluded that a dog biting an automobile passenger while the car was in motion was not an "auto accident." *Id.* We find this analysis persuasive and conclude the dog bite in this case cannot be considered an "auto accident."

Accordingly, we reverse the decision of the superior court.

*Reversed.*

BRODERICK and DALIANIS, JJ., concurred; HORTON, J., retired, and GROFF, J., superior court justice, specially assigned under RSA 490:3, concurred.