Strafford
No. 2001-087

JANE A. KELLY *& a.*

v.

PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY

Argued: March 13, 2002
Opinion Issued: April 19, 2002

*Burns, Bryant, Hinchey, Cox & Rockefeller, P.A.*, of Dover (*Matthew B. Cox* on the brief and orally), for the plaintiffs.

*McDonough & O'Shaughnessy, P.A.*, of Manchester (*Robert G. Whaland* on the brief and orally), for the defendant.

DUGGAN, J. The defendant, Prudential Property and Casualty Insurance Company (Prudential), appeals a Superior Court (*Fauver*, J.) order declaring that Prudential may not reduce uninsured motorist benefit payments to the plaintiffs, Jane and Patrick Kelly, by the amount recoverable from the uninsured tortfeasor. We affirm.

Plaintiff Jane Kelly was injured in an automobile accident. At the time of the accident, she and her husband, Patrick Kelly, carried uninsured motorist insurance issued by Prudential, with a recovery limit of $100,000. The plaintiffs settled with the tortfeasor for the liability limit of her policy, $50,000. Following that settlement, an uninsured motorist arbitration panel assessed the plaintiffs' total damages at $225,000. Prudential then

offset the plaintiffs' uninsured motorist coverage recovery by taking the value of the uninsured motorist benefits, $100,000, and reducing it by the $50,000 settlement, thereby making $50,000 available to the plaintiffs from the uninsured motorist benefits.

The plaintiffs brought a declaratory judgment action in superior court, *see* RSA 491:22 (1997), alleging that Prudential was not entitled to offset their award by the tortfeasor's settlement. The superior court concluded that the policy language did not entitle Prudential to offset the tortfeasor's settlement. Prudential appeals.

Prudential argues that the insurance policy's language is unambiguous and that the trust agreement provision of the general policy (Trust Agreement), which provides for a reduction of plaintiff benefits by any amounts recoverable from a tortfeasor, applies to the entire policy including uninsured motorist coverage.

The interpretation of an insurance policy is a question of law for this court to determine. *Lebroke v. U.S. Fid. & Guar. Ins. Co.*, 146 N.H. 249, 250 (2001). In construing the terms of a policy "we take the plain and ordinary meaning of the policy's words in context, and we construe the terms of the policy as would a reasonable person in the position of the insured based on more than a casual reading of the policy as a whole." *Id.* at 250 (quotation omitted). When an ambiguity arises from conflicting provisions of a policy, we resolve the inconsistency in favor of the insured. *See Trombly v. Blue Cross/Blue Shield*, 120 N.H. 764, 770 (1980); *cf. Transcontinental Ins. v. WPUDUS*, 760 P.2d 337, 343 (Wash. 1988) ("[I]f there is an ambiguity arising because of the difference of language used in the endorsement and the body of the policy, or between two endorsements, the language of the contract is construed most strongly against the insurer."); *Israel v. State Farm Mut. Auto. Ins. Co.*, 789 A.2d 974, 976 (Conn. 2002) (umbrella policy found to be ambiguous because it contained conflicting provisions).

The Trust Agreement provision of the general policy reads:

> Trust Agreement – When we pay for a loss under this policy, we are entitled to the amount we paid from the proceeds of any settlement or judgment you recover from the responsible party. When allowed by law, we are also entitled to related collection expenses for any settlement or judgment.

> At our request, you must take any necessary action to recover the payments we have made. We will select the attorney and pay all related costs and fees.

Prudential argues that the Trust Agreement provision is unambiguous and as one of the general provisions of the insurance policy, it is intended to apply to the entire policy. *See Deyette v. Liberty Mut. Ins. Co.*, 142 N.H. 560, 561 (1997). We agree that this provision, standing alone, clearly and unambiguously permits Prudential to offset the plaintiffs' recovery from the tortfeasor. The provision cannot be read alone, however; the entire policy must be construed as would a reasonable person in the position of the insured, based on more than a casual reading of the policy. *Brouillard v. Prudential Prop. & Cas. Ins. Co.*, 141 N.H. 710, 712 (1997).

The policy contains another provision addressing the possibility of reducing Prudential's payment by recovery from a tortfeasor. The Payments Reduced provision, located in the Uninsured Motorists booklet of the insurance policy, states:

> Payments will be reduced by any amount payable by persons responsible for the accident and by any amount payable under this policy or by other sources so that the total amount due does not exceed the amount of the damage. Payments under this part will also reduce any amount payable under other parts of this policy. In no event will an insured receive deplicate [*sic*] payments for the same element of loss.

■ Under a reasonable reading of the Payments Reduced provision, Prudential may reduce its payment to a plaintiff only when a plaintiff's recovery exceeds the amount of the plaintiff's damages. Under the Trust Agreement provision, Prudential is always entitled to offset a plaintiff's recovery by any amounts recoverable from a tortfeasor. Both offset provisions cannot apply to this case. A reasonable insured conducting a more than casual reading of the policy could conclude that the Payments Reduced provision of the Uninsured Motorist booklet supersedes the general Trust Agreement provision. *Cf. Deyette*, 142 N.H. at 561-62 (insurer entitled to offset plaintiffs' recovery by amount recovered from tortfeasor only where policy language "clearly and unambiguously allow[ed] the defendant to limit its liability").

Construing Prudential's policy in favor of the insureds, we conclude that Prudential may reduce the plaintiffs' uninsured motorist benefits only when there would otherwise be a recovery in excess of the plaintiff's damages. Here, the plaintiffs' total damages are $225,000. They have been able to recover $50,000 from the tortfeasor. Their policy provides $100,000 in uninsured motorist coverage. Thus, because the plaintiffs may recover a total of $150,000, which is less than the amount of their total damages, the Payments Reduced provision does not permit offset here. Accordingly,

we hold that Prudential is not entitled to offset the plaintiffs' uninsured motorist benefits by the amount paid by the tortfeasor.

*Affirmed.*

NADEAU and DALIANIS, JJ., concurred.