Strafford,
Nov. 8, 1916.

### Sadie J. Lombard, *Adm'x*, v. Maguire-Penniman Company & Tr.

If in trustee process proper notice of the attachment has not been given to a non-resident defendant, a judgment against the trustee is not void, but he may be protected by an order of service or notice pursuant to P. S., c. 219, s. 9.

If a contract of indemnity to a fixed amount be merged in a judgment for that sum, interest is payable thereon as on any judgment, together with costs.

Trustee Process. This is the same case reported *ante*, 110, wherein it was held that the trustee was chargeable for the amount of the indemnity. The trustee now excepts to the ruling of the superior court, that legal notice was given to the principal defend-

ant, a non-resident, who did not appear. The facts are stated in the opinion.

The further question is transferred, without a ruling, whether interest should be added to the amount of the indemnity from the date of the judgment in the original action. No default or judgment has been entered. Both questions were transferred by *Pike,* C. J. from the February term, 1916, of the superior court.

*Hughes & Doe* (*Mr. Doe* orally), for the plaintiff:

The taxable costs in the original suit are included in the term "expenses." *Brewster* v. *Surety Co.,* 130 N. Y. Supp. 439.

The measure of damages against the insurance company for the breach of its contract in not paying the judgment against the defendant is six per cent interest. *Davis* v. *New England Cotton Yarn Co.,* 77 N. H. 403; *Conqueror Zinc Co.* v. *Aetna Ins. Co.,* 152 Mo. App. 332,—133 S. W. 156; *Century Realty Co.* v. *Frankfort Ins. Co.,* 179 Mo. App. 123,—161 S. W. 624; *Munro* v. *Maryland Casualty Co.,* 96 N. Y. Supp. 705; *Saratoga Trap Rock Co.* v. *Standard Ins. Co.,* 128 N. Y. Supp. 822.

*Jones, Warren, Wilson & Manning* (*Mr. Manning* orally), for the trustee, specially:

The writ should first be entered in court with evidence from the return of service or deposition of the trustee showing that there existed the substance on which to found jurisdiction; *Eaton* v. *Badger,* 33 N. H. 228; and the mode prescribed by the statute must be followed: *White* v. *Taylor,* 48 N. H. 284; *Nelson* v. *Sanborn,* 64 N. H. 310; *Foster* v. *Hadduck,* 6 N. H. 217.

Interest upon the verdict would not ordinarily come within the classification of an "expense" of litigation: *South Knoxville Brick Co.* v. *Empire Surety Co.,* 126 Tenn. 402,—Ann. Cas. 1913 E, 107; *National &c. Mills* v. *Frankfort &c. Ins. Co.,* 28 R. I. 126; *Little Cahaba Coal Co.* v. *Aetna Life Ins. Co.,* 192 Ala. 42; *Coast Lumber Co.* v. *Aetna Life Ins. Co.,* 22 Idaho 264,—125 Pac. 185; *Munro* v. *Maryland Casualty Co.,* 96 N. Y. Supp. 705; *Saratoga Trap Rock Co.* v. *Standard Acc. Ins. Co.,* 128 N. Y. Supp. 822; *Davison* v. *Maryland Cas. Co.,* 197 Mass. 167; *Maryland Cas. Co.* v. *Omaha &c. Co.,* 157 Fed. Rep. 514.

WALKER, J. Notice to the principal defendant of the pendency of the action was essential. *King* v. *Holmes,* 27 N. H. 266. The plaintiff attempted to give it in accordance with P. S., *c.* 219, *s.* 5,

which provides that: "If the defendant is not an inhabitant of the state, and the writ is not served on him in person within the state, but his goods or estate are attached, an attested copy of the writ and of the return of the attachment may be given to him, or left at his abode outside the state, or may be left with the agent authorized to appear for him, or with his tenant on or near the land attached." After the service of the writ upon the trustee it appears that an attested copy of the writ was served upon the defendant in Rhode Island by a deputy sheriff of that state, who made a return upon the writ. It is claimed that this was not a compliance with the statute, because the deputy sheriff had no authority to act officially in the service of the writ, and because it does not appear that the attested copy left with the defendant included an attested copy of the attachment or the return of service upon the trustee. According to the decision in *Carleton* v. *Insurance Co.*, 35 N. H. 162, this service upon the defendant was irregular. It was not a substantial compliance with the statutory provisions. It did not purport to notify him that his property had been attached in the hands of the trustee. But if the service was defective in the respects mentioned, the court acquired jurisdiction of the defendant's property by the attachment and, so far as the issue between the plaintiff and the trustee is concerned, it was authorized to determine the question of the latter's chargeability, as it did upon the former transfer. *Lombard* v. *Company*, ante 110; *Young* v. *Ross*, 31 N. H. 201; *Bruce* v. *Cloutman*, 45 N. H. 37; *Whitcomb* v. *Quinlan*, 75 N. H. 429, 430. The effect of the defective service upon the defendant would be merely to render the judgment against the trustee voidable. *Bruce* v. *Cloutman*, *supra*. Hence the trustee may be fully protected by applying to the superior court for an order of service or notice in accordance with *s*. 9, *c*. 219, P. S., which provides that: "When the defendant is not an inhabitant of the state, and no mode of serving the writ is prescribed, or service thereof cannot be made in the mode prescribed, the action may be entered in court and such notice ordered as the case requires; and notice of the pendency of the suit, given according to the order, shall be sufficient service." In this way the supposed defect may be cured. *Burney* v. *Hodgdon*, 66 N. H. 338; *Martin* v. *Wiggin*, 67 N. H. 196. If, as is claimed by the trustee, service should have been made under this statute rather than under the other, no reason is apparent why it may not be made now.

The further contention of the trustee, that it cannot be charged

with interest on the $5,000 indemnity from the date of the judgment in the original action, cannot be sustained. In the performance of its contract of indemnity, it assumed the defence of that suit and became bound by the judgment rendered therein. It was an active and interested party in the determination of the defendant's liability to the plaintiff; and the judgment established the fact of its liability under its contract of indemnity. *Hunt* v. *Haven*, 52 N. H. 162, 169; *Chamberlain* v. *Carlisle*, 26 N. H. 540, 551, 552; *Hearn* v. *Railroad*, 67 N. H. 320; *Hubbard* v. *Gould*, 74 N. H. 25; *State* v. *Corron*, 73 N. H. 434; *Sanders* v. *Insurance Co.* 72 N. H. 485. Upon this theory the trustee was held chargeable in the former decision "with the amount of the indemnity." In *Patterson* v. *Adan*, 119 Minn. 308, 313 (there cited), the following language is used: "By undertaking the defense the company elected to treat plaintiff's cause of action, if he had any, as covered by its contract; and when it substituted itself and its judgment for that of the defendant, both plaintiff and defendant have a right to insist that the final judgment establishes the liability and debt of the company to the assured."

The practical as well as the legal effect of the trial was that the judgment rendered upon the verdict was that the indemnitor's liability was established, limited only by the provision that it should not exceed $5,000. All the elements of a judgment for that sum were present, and it thereupon became the duty of the assurance company to pay that sum to the assured or to the plaintiff as upon a judgment.

The question, therefore, whether the trustee is to be charged for interest upon that sum, subsequent to the rendition of the judgment, does not depend upon or require a construction of the contract, but is solved by the law on that subject as applied to judgments. The contract was merged in the judgment. By *s.* 9, *c.* 231, P. S., it is provided that: "Interest is payable on executions in civil actions from the time of judgment rendered." And it has been the uninterrupted practice in this state for more than eighty years to allow interest on judgments until they are paid. *Mahurin* v. *Bickford*, 6 N. H. 567; *Judge of Probate* v. *Heydock*, 8 N. H. 491; *Sanborn* v. *Steele*, 20 N. H. 34; *Johnson* v. *Railroad*, 43 N. H. 410; Perley Interest, 102. It is also apparent that the trustee is liable for the costs of the suit in which the judgment was rendered. It is therefore chargeable with interest upon the $5,000 included in the judgment together with the costs.

*Case discharged.*

All concurred.