Cheshire
No. 94-423

EDWARD WHITCOMB

v.

PEERLESS INSURANCE COMPANY & *a.*

June 27, 1996

*Harvey J. Garod*, of Meredith, and *Charles A. Donahue*, of Keene, for the plaintiff, filed no brief.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Julie Ann Boyle* on the brief, and *Andrew D. Dunn* orally), for defendant Peerless Insurance Company.

*Ouellette, Hallisey, Dibble & Tanguay, P.A.*, of Dover (*Dennis L. Hallisey* and *Thomas G. Ferrini* on the brief, and *Mr. Ferrini* orally), for defendant Aetna Casualty and Surety Company.

THAYER, J. Defendant Peerless Insurance Company (Peerless) appeals an order of the Superior Court (*Mangones*, J.) holding it obligated to provide uninsured motorist benefits to the plaintiff, Edward Whitcomb. We affirm.

The plaintiff was injured when an automobile in which he was a passenger left the road and struck a tree. The car was owned by the Cheshire Financial Corporation (bank) and driven by Bud Spaulding, an off-duty bank employee. All parties agree that Spaulding was operating the motor vehicle without the bank's permission.

Following the accident, the plaintiff sought uninsured motorist benefits under two automobile insurance policies — a family policy issued by Peerless to the plaintiff's parents, and a business policy

issued by defendant Aetna Casualty and Surety Company (Aetna) to the bank as the owner of the vehicle. Peerless concedes that the plaintiff "may qualify for coverage under its uninsured motorist coverage." Peerless contends, however, that Aetna is primarily liable for uninsured motorist benefits and that any recovery of such benefits must come first from Aetna's policy.

Aetna disputes liability for uninsured motorist benefits on the ground that an exclusion in its uninsured motorist provisions applying to "[a]nyone using a vehicle without a reasonable belief that the person is entitled to do so" operates to exclude the plaintiff from coverage. Peerless argues that the exclusion does not apply to the plaintiff because he was merely "occupying" the vehicle as a passenger and not "using" it.

Peerless observes that the uninsured motorist section of Aetna's policy contains both the word "occupying" and the word "using." From this Peerless infers that Aetna's policy draws a distinction between a broad class of "occupiers" and a narrower subclass of "users," which is the equivalent of "operators." Because the plaintiff was merely occupying the vehicle at the time of the crash and not operating it, Peerless concludes that he was not "using" it for purposes of the exclusion.

We cannot read Aetna's use of the word "using" in its exclusion for non-permissive use so narrowly. The interpretation of insurance policy language is ultimately an issue of law for this court to decide. *State Farm Mut. Auto. Ins. Co. v Cookinham*, 135 N.H. 247, 249, 604 A.2d 563, 564 (1992). The uninsured motorist section of Aetna's policy does not define the term "using." In determining this word's meaning, "[w]e take the plain and ordinary meaning of the policy's words in context, and we construe the terms of the policy as would a reasonable person in the position of the insured based on more than a casual reading of the policy as a whole." *High Country Assocs. v. N.H. Ins. Co.*, 139 N.H. 39, 41, 648 A.2d 474, 476 (1994).

■ "One may 'use' an automobile without personally operating it, as the term use is broader than operation." 6C J. & J. APPLEMAN, INSURANCE LAW AND PRACTICE § 4354, at 63 (Buckley ed. 1979) (footnotes omitted). "'Use' is to be given its ordinary meaning. It denotes the employment of the automobile for some purpose of the user." 12 M. RHODES, COUCH ON INSURANCE 2D § 45:321, at 661 (rev. ed. 1981) (footnotes omitted); *see also* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2523 (unabridged ed. 1961) (defining "use" as "to put into action or service," "to carry out a purpose or action by means of," "EMPLOY"). By riding as a passenger in the vehicle, the plaintiff was employing the

car for the purpose of transportation. Accordingly, we hold that the plaintiff was "using" the vehicle for purposes of the exclusion in the uninsured motorist provisions. *See Aetna Life and Cas. Co. v. Bulaong*, 588 A.2d 138, 144–45 (Conn. 1991) (citing cases supporting "the proposition that passengers are users of a motor vehicle").

Peerless also argues that the word "using" is ambiguous and invokes the rule that ambiguous provisions are construed against an insurer. *See Trombly v. Blue Cross/Blue Shield*, 120 N.H. 764, 771, 423 A.2d 980, 985 (1980). A term is ambiguous if the contracting parties could reasonably disagree about its meaning or application. *Smith v. Liberty Mut. Ins. Co.*, 130 N.H. 117, 122, 536 A.2d 164, 166 (1987). We will not, however, force an ambiguity simply to resolve it against an insurer. *Akerley v. Hartford Ins. Group*, 136 N.H. 433, 439, 616 A.2d 511, 514 (1992). Having already concluded that the word "using" as employed in the exclusion in Aetna's uninsured motorist provisions plainly encompasses a passenger such as Mr. Whitcomb, we have no difficulty concluding that this word is not ambiguous. *Cf. id.* at 439, 616 A.2d at 515 (finding no ambiguity in word "use" in uninsured motorist provision providing coverage for accidents arising out of use of uninsured vehicle).

Finally, Peerless argues that the exclusion does not apply because "[n]o evidence was presented . . . as to whether or not Edward Whitcomb knew that Mr. Spaulding was operating the vehicle without permission." The exclusion applies to any person "using a vehicle without a reasonable belief that the person is entitled to do so." The trial court found that Mr. Whitcomb lacked such a reasonable belief. We must uphold this finding of fact unless it is clearly erroneous or unsupported by the evidence. *See Society Hill at Merrimack Condo. Assoc. v. Town of Merrimack*, 139 N.H. 253, 255, 651 A.2d 928, 930 (1994). The trial court found, and Peerless does not dispute, that the plaintiff and his friend Bud Spaulding went to the bank shortly after midnight on December 9, 1990, and that Spaulding, an employee of the bank, took the keys to the bank car from a drawer in his supervisor's desk, so that they could take the bank car to meet some friends in Fitchburg, Massachusetts. Given these facts, we cannot say that the trial court's finding that the plaintiff lacked a reasonable belief that he was entitled to use the car was clearly erroneous or unsupported by the evidence. *See id.*

*Affirmed.*

BRODERICK, J., did not sit; the others concurred.