Rockingham
No. 99-190

RICHARD AND CHERYL FUNAI

v.

METROPOLITAN PROPERTY AND CASUALTY COMPANY

December 28, 2000

*Backus, Meyer, Solomon, Rood & Branch,* of Manchester (*Steven A. Solomon* on the brief and orally), for the plaintiffs.

*Wiggin & Nourie, P.A.*, of Manchester (*Fred J. Desmarais* and *Gail E. Bakis* on the brief, and *Gary M. Burt* orally), for the defendant.

NADEAU, J. The plaintiffs, Richard and Cheryl Funai, appeal the Superior Court's (*Abramson*, J.) grant of summary judgment in favor of the defendant, Metropolitan Property and Casualty Company (Metropolitan), ruling that the clear and unambiguous language of the parties' insurance policy requires the consent of both parties before arbitration can occur. We affirm.

The following facts are undisputed. In March 1994, plaintiff Richard Funai was in an automobile accident and suffered damages. At the time of the accident, the plaintiffs were insured by Metropolitan. The plaintiffs brought a claim against the insurance company of the driver of the other car, which was settled for $20,000.00, the full amount available under that motorist's policy. Metropolitan consented to the settlement in a letter dated December 5, 1996.

At some point, the plaintiffs came to believe that their damages exceeded $20,000.00, and they requested that Metropolitan cover these damages under the uninsured motorist provisions of their policy. Negotiations between the plaintiffs and Metropolitan were unsuccessful, and in an April 14, 1998, letter, the plaintiffs asked Metropolitan to enter into binding arbitration to settle their dispute. Metropolitan refused.

Metropolitan contends it is entitled to refuse to arbitrate based on policy language requiring arbitration only upon the written consent of both parties. This section of the policy provides that a person who is entitled to collect damages because of an uninsured motorist claim will recover an amount determined by agreement between the insured and Metropolitan. The policy unambiguously states, "[u]pon written consent of both parties, any disagreement will be settled by arbitration."

The plaintiffs argue that two other sections of the policy support their contention that Metropolitan effectively consented to arbitrate when it consented to settle the underlying claim. The first section provides that if either party does not consent to arbitration, the insured must "[f]ile suit in the proper court against the owner or driver of the uninsured motor vehicle and [Metropolitan]."

Following Metropolitan's refusal to consent to arbitration, the plaintiffs initiated this declaratory judgment action seeking a ruling that Metropolitan is required to arbitrate the plaintiffs' claim. After considering motions for summary judgment from both parties, the superior court granted Metropolitan's motion. This appeal followed.

On appeal, the plaintiffs make two arguments. First, they argue the insurance policy is ambiguous, and thus should be construed in their favor by requiring arbitration. Second, they argue that there is an unresolved factual question which might establish that Metropolitan is "estopped" from refusing to arbitrate. We disagree with both arguments.

In reviewing the grant of summary judgment, we consider the affidavits and pleadings in the light most favorable to the non-moving party, and if there is no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, the grant of summary judgment is affirmed. *See Weaver v. Royal Ins. Co. of America*, 140 N.H. 780, 781, 674 A.2d 975, 977 (1996).

■ When we interpret insurance policies, "[t]he general rule is that the court will honor the reasonable expectations of the policyholder." *Amica Mut. Ins. Co. v. Morrison*, 130 N.H. 250, 252, 536 A.2d 199, 200 (1987) (quotation omitted). "[W]e construe the terms of the policy as would a reasonable person in the position of the insured based on more than a casual reading of the policy as a whole." *Deyette v. Liberty Mut. Ins. Co.*, 142 N.H. 560, 561, 703 A.2d 661, 662 (1997) (quotation omitted). While we construe insurance policies in favor of the insured when the policy is ambiguous, we will not force an ambiguity simply to resolve it against an insurance company. *See Whitcomb v. Peerless Ins. Co.*, 141 N.H. 149, 151, 679 A.2d 575, 577 (1996). "Policy terms can create ambiguity as to coverage only when the parties may reasonably differ about their interpretation." *Amica Mut. Ins. Co.*, 130 N.H. at 252, 536 A.2d at 200 (quotation omitted).

The plaintiffs urge us to find that by consenting to settlement of the underlying personal injury claim, Metropolitan waived its right to a trial to resolve the plaintiffs' insurance claim. Alternatively, the plaintiffs argue that Metropolitan's consent to settlement of the underlying claim is also consent to arbitrate the plaintiffs' underinsured motorist claim because the plaintiffs would be unable to comply with the requirement that suit be brought against both Metropolitan *and* the driver of the underinsured vehicle if the parties did not agree to arbitration.

In essence, the plaintiffs would have us find ambiguity where, instead, there are interrelated conditions in the policy which if not carefully handled can create unanticipated difficulties for the policy holder.

Section 4 of the Metropolitan "Straight Talk Automobile Insurance Policy" provides in pertinent part:

Whether any person is legally entitled to collect damages [for uninsured motorists coverage] under this section, and the amount to which such person is entitled, will be determined by agreement between that person and us [the insurer]. Upon written consent of both parties, any disagreement will be settled by arbitration.

If either party does not consent to arbitrate these questions, the insured shall:

(a) File a lawsuit in the proper court against the owner of the uninsured motor vehicle and us [the insurer], of [sic] if such owner is unknown, against us [the insurer]; and

(b) Upon filing, give us [the insurer] copies of the summons and complaints filed by the insured in that action; and

(c) Secure a judgment in that action. The judgment must be the final result of an actual trial and an appeal, if an appeal is taken.

If the insured filed suit against the owner or driver of the uninsured motor vehicle, we [the insurer] have the right to defend on the issues of the legal liability of and the damages owed by such owner or driver.

Simply put, the question with which we are confronted is this: Is it more reasonable for the insured to conclude from Metropolitan's consent to settlement that it consented to arbitration and waived its right to trial, *or* that it did not give up its right to trial, but waived its right to require suit against the driver of the underinsured vehicle as a condition of suit against the company? We believe the only reasonable interpretation is the latter.

If the plaintiffs or Metropolitan had intended to deal with arbitration under the policy at the time the underlying claim was settled, either party could have raised the issue then. The plaintiffs could have requested the company to consent to arbitration before they decided to settle. When Metropolitan consented to settle, it did so to protect its interests as against the uninsured motorist. There is no correlation between consent to settle and consent to arbitrate.

Acceptance of the plaintiffs' argument that consent to settle is tantamount to consent to arbitrate would require us to find by implication a waiver by Metropolitan of its right to submit the dispute to trial. It is axiomatic that "'[w]henever a case involves contested issues of material fact, the parties are entitled to a final hearing or a trial at which they may produce evidence and submit

written arguments on the law." 5 R. WIEBUSCH, NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 41.03, at 264 (1998). Furthermore, if the plaintiffs' alleged additional damages exceed $1,500.00, such a holding would imply waiver by Metropolitan of its constitutional right to trial by jury. *See* N.H. CONST. pt. I, art. 20; *see also Lowell v. U.S. Savings Bank*, 132 N.H. 719, 724, 572 A.2d 184, 187 (1990) (discussing the right to jury trial in a breach of contract suit).

■■ We will not find waiver of such a right without a clear expression by a party to do so. *See A.W. Therrien Co. v. Maryland Cas. Co.*, 97 N.H. 180, 181-82, 84 A.2d 179, 182 (1951) ("waiver is the voluntary or intentional abandonment or relinquishment of a known right"). Because we find that Metropolitan had no reason to anticipate implications regarding its right to litigate its dispute with the plaintiffs when it consented to allow the plaintiffs to settle with the underinsured motorist, we will not find Metropolitan waived its right to trial.

The plaintiffs also argue that Metropolitan is estopped from denying consent to arbitrate. "The plaintiff bears the burden of establishing the elements of an estoppel claim." *A.J. Cameron Sod Farms v. Continental Ins. Co.*, 142 N.H. 275, 281, 700 A.2d 290, 294 (1997). An estoppel claim requires the proponent to prove four elements:

> first, a representation or concealment of material facts made with knowledge of those facts; second, the party to whom the representation was made must have been ignorant of the truth of the matter; third, the representation must have been made with the intention of inducing the other party to rely upon it; and fourth, the other party must have been induced to rely upon the representation to his or her injury.

*Id.* (quotation omitted).

■ In their cross-motion for summary judgment, the plaintiffs represented that there were no genuine issues of material fact and offered no facts that support a finding of estoppel. Rather, they argued that "[b]y consenting to the settlement, Metropolitan, in effect, said to the plaintiff that it would not require the plaintiff to undertake the expense and risk of litigation to resolve the plaintiff's

claim against the other driver." Upon this scant offering, it would have been improvident for the superior court to find estoppel.

*Affirmed.*

BRODERICK and DALIANIS, JJ., concurred; HORTON, J., retired, and GROFF, J., superior court justice, specially assigned under RSA 490:3, concurred.