Gorham District Court
No. 98-630

JACQUELINE S. NAULT & a.

v.

N & L DEVELOPMENT COMPANY

February 12, 2001

*Thomas J. Cote*, of Gorham, by brief and orally, for the plaintiffs.

*Law Office of Rodney L. Stark, P.A.*, of Manchester (*Cynthia Lee Fallon* on the brief and orally), for the defendant.

NADEAU, J. The plaintiffs, Jacqueline S. Nault and Paul A. Nault, appeal the Gorham District Court's (*Davis*, J.) denial of post-judgment interest on a judgment entered by the superior court following a jury trial and verdict for the plaintiff in her personal injury suit against the City of Manchester. We reverse and remand.

On November 24, 1997, the clerk of court entered a judgment on the October 23, 1997 verdict for $189,252.19; including $186,875.39 in damages and pre-judgment interest, and $2,376.80 in costs. On December 22, 1997, the defendant's insurer paid $188,646.66, leaving a deficiency on the judgment of $605.53.

On April 16, 1998, the plaintiffs filed a writ of summons in the Gorham District Court to recover both the deficiency and post-judgment interest. Further, the plaintiffs sought post-judgment interest on the amount of the deficiency from December 22, 1997, the payment date, to the date of the district court action.

In response to plaintiff's motion for summary judgment, the defendant filed an objection and cross-motion for summary judgment, arguing that the plaintiffs were not entitled to post-judgment interest. The district court denied both motions for summary judgment, but rendered "[j]udgment for Plaintiff in the amount of $605.53 plus costs and interest from the date of this Writ." The district court denied post-judgment interest, stating "[i]t is this Court's position that it is bound by the orders of the Superior Court and without authority to revise its order." This appeal followed.

The issue on appeal is whether the plaintiffs are entitled as a matter of law to post-judgment interest. They argue that precedent and statutory law allow for the award of post-judgment interest from the judgment date of November 24, 1997, to the payment date of December 22, 1997.

> When reviewing the denial of a motion for summary judgment, we consider the pleadings and any accompanying affidavits, and all proper inferences drawn from them, in the light most favorable to the nonmoving party. Summary judgment may be granted only where no genuine issue of material fact is present, and the moving party is entitled to judgment as a matter of law.

*Purdie v. Attorney General*, 143 N.H. 661, 663 (1999) (citation, quotation and brackets omitted).

RSA 524:1-a provides:

**Interest to be Added.** In the absence of a demand prior to the institution of suit, in any action on a debt or account stated or where liquidated damages are sought, interest shall commence to run *from the time of the institution of suit*.

RSA 524:1-a (1997) (emphasis added).

RSA 524:1-b provides:

**Interest from Date of Writ.** In all other civil proceedings at law or in equity in which a verdict is rendered or a finding is made for pecuniary damages to any party, whether for personal injuries, for wrongful death, for consequential damages, for damage to property, business or reputation, for any other type of loss for which damages are recognized, there shall be added forthwith by the clerk of court to the amount of damages interest thereon *from the date of the writ or the filing of the petition to the date of such verdict or finding* . . . .

RSA 524:1-b (1997) (emphasis added).

■ Under RSA 524:1-a, a plaintiff who prevails in an action for debt or account is entitled to pre-judgment and post-judgment interest from the commencement of suit until the defendant makes payment. *See Mast Rd. Grain & Bldg. Mat's Co. v. Piet*, 126 N.H. 194, 198 (1985).

■ Although RSA 524:1-b, which governs the instant action, also provides for pre-judgment interest, it does not specifically address post-judgment interest. The defendant argues that this omission precludes the awarding of post-judgment interest in this case. We disagree. The difference in language dealing with interest in RSA 524:1-a and RSA 524:1-b does not demonstrate a legislative intent to preclude the award of post-judgment interest in this case.

To understand the interaction of these two statutes, we look to the intent of the legislature as determined by the application of principles of statutory construction.

In construing statutory language, we "examine [the language] not in isolation, but in the context of the overall statutory scheme." *State v. Farrow*, 140 N.H. 473, 475 (1995).

> All statutes upon the same subject-matter are to be considered in interpreting any one of them. Where reasonably possible, statutes should be construed as consistent with each other. When interpreting two statutes which deal with a similar subject matter, we will construe them so that they do not contradict each other, and so that they will lead to reasonable results and effectuate the legislative purpose of the statute.

*Id.* (quotations, citations and brackets omitted). "Where the statutory language is ambiguous or where more than one reasonable interpretation exists, we review legislative history to aid in our analysis." *K & J Assoc. v. City of Lebanon*, 142 N.H. 331, 333 (1997).

Prior to the enactment of RSA 524:1-a and :1-b in 1957, there was no indication, either in our case law or in our statutory law, that post-judgment interest was limited to actions in debt or account. *See Lombard v. Company*, 78 N.H. 280, 283 (1916) (stating that "it has been the uninterrupted practice in this state for more than eighty years to allow [post-judgment] interest"); *Johnson v. Railroad*, 43 N.H. 410, 411 (1861) (noting that the post-judgment interest statute did not distinguish between the nature of the action upon which the judgment was rendered).

Moreover, in 1963 when the legislature stated its purpose for enacting RSA 524:1-a and :1-b, it did not distinguish between the types of interest awarded under the two sections.

> The purpose of the General Court in enacting RSA 524, Sections 1-a and 1-b . . . [in] 1957, was to clarify and simplify the existing law and to make plain that *in all cases* where the trial court awarded money to the party entitled to be compensated, interest at the legal rate is to be added to the award, either from the date upon which the parties had contracted that interest was due, or, "in the absence of demand", from the date upon which legal action was started. The law actually has always recognized that the aggrieved party was entitled to such interest *in all cases*, but different and complicated procedural rules had developed that resulted in interest being lost in some cases.

N.H.S. JOUR. 478-79 (1963) (emphasis added).

Consistent with this statement of purpose, RSA 524:1-b did not specify the time *to* which judgment interest must be calculated;

rather, it provided, as does RSA 524:1-a, only that interest shall be calculated "from the date of the writ." *See* RSA 524:1-a, :1-b (Supp. 1957). The replacement of this language with "from the date of the writ . . . to the date of entry of final judgment," occurred in 1963. RSA 524:1-b (Supp. 1957 & 1963) (emphasis added); *see also* RSA 524:1-b (Supp. 1969) (substituting "such verdict or finding" for "entry of final judgment").

■ The legislative history indicates that the purpose of the 1963 amendment was to "provide that interest is added only at the time of the final verdict when the case is heard and over with *so it is not compounded interest on interest.*" N.H.S. JOUR. 705 (1963) (emphasis added). It does not appear, therefore, that the legislature, by adding the "entry of final judgment" language intended to preclude post-judgment interest, as the defendant argues, but to preclude annually compounded pre-judgment interest.

■ The legislative history suggests that RSA 524:1-a and :1-b were intended to provide the same protection to prevailing parties. We have previously held that RSA 524:1-a provides for post-judgment interest. We hold today, therefore, that the courts may award post-judgment interest to prevailing parties in all civil proceedings at law or in equity. We remand the case to the district court for proceedings consistent with this opinion.

We note that while this opinion allows for the award of post-judgment interest, which accrues from the time the clerk of court enters judgment, the plain language of RSA 524:1-b limits the award of pre-judgment interest to interest which accrues until the entry of a verdict or finding. *See, e.g., Eastern Mount. Platform Tennis v. Sherwin-Williams*, 40 F.3d 492, 504 (1st Cir. 1994). The result is that prevailing parties may not be awarded interest from the time a verdict or finding is rendered until the time when the clerk of court enters judgment. Such a result may merit legislative review.

*Reversed and remanded.*

THAYER, J., sat for oral argument but resigned prior to the final vote; BROCK, C.J., and BRODERICK and DALIANIS, JJ., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred; NADEAU and DALIANIS, JJ., took part in the final vote by consent of the parties.