Hillsborough-northern judicial district
No. 2000-367

CONTOOCOOK VALLEY SCHOOL DISTRICT & a.

v.

GRAPHIC ARTS MUTUAL INSURANCE COMPANY

December 31, 2001

*Wiggin & Nourie, P.A.*, of Manchester (*Gordon A. Rehnborg, Jr.* and *Doreen F. Connor* on the brief, and *Ms. Connor* orally), for the plaintiffs.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Andrew D. Dunn* and *James Fox* on the brief, and *Mr. Dunn* orally), for the defendant.

DALIANIS, J. The defendant, Graphic Arts Mutual Insurance Company, appeals from the Superior Court's (*Conboy*, J.) denial of its motion for summary judgment upon the claim by the plaintiffs, Contoocook Valley School District and School Administrative Unit No. 1, for indemnification under their insurance policy. The trial court ruled that the indemnification claim was not barred by exclusion 2(h) of the policy. We affirm.

The relevant undisputed facts follow. In 1996, a former teacher in the Contoocook Valley Regional School District sued the plaintiffs for discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12112 (1994), 42 U.S.C. § 1983 (1994), and various other State and federal

statutes and constitutional provisions. In her complaint, the teacher sought compensatory damages, attorney's fees and costs, and any other equitable relief the court deemed just.

The plaintiffs demanded that the defendant provide them a defense and insurance coverage in connection with the teacher's lawsuit. In September 1996, the defendant agreed to provide the plaintiffs with a defense and to pay the teacher's legal fees if they were part of a court-ordered award or judgment. The defendant stated that it would not, however, pay any other part of a judgment that might be rendered against the plaintiffs in the teacher's lawsuit.

The parties settled the case in July 1999, and the plaintiffs subsequently sought reimbursement under the policy for the money they paid to settle the case and for additional expenses incurred in defending the action. The settlement sums included damages for wages and benefits, compensatory and punitive damages, interest, and attorney's fees and costs. The defendant provided coverage in the form of a defense, but denied reimbursement. The plaintiffs filed a writ in superior court requesting that the court order the defendant to reimburse them.

The defendant argues that the superior court erroneously found that exclusion 2(h) was ambiguous. We disagree.

"When reviewing the denial of a motion for summary judgment, we consider the pleadings and any accompanying affidavits, and all proper inferences drawn from them, in the light most favorable to the nonmoving party." *Nault v. N & L Dev. Co.*, 146 N.H. 35, 36 (2001) (quotation omitted). Summary judgment may be granted only when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Id.*

"The interpretation of insurance policy language is ultimately a question of law for this court to decide. We construe the language of an insurance policy as would a reasonable person in the position of the insured based on a more than casual reading of the policy as a whole." *Ross v. Home Ins. Co.*, 146 N.H. 468, 471 (2001). "When we interpret insurance policies, the general rule is that [we] will honor the reasonable expectations of the policyholder." *Funai v. Metropolitan Prop. & Cas. Co.*, 145 N.H. 642, 644 (2000) (quotation and brackets omitted).

■ An insurance company is free to limit its liability through clear and unambiguous policy language. *Weeks v. St. Paul Fire & Marine Ins. Co.*, 140 N.H. 641, 643 (1996). Such language must be so clear, however, as to create no ambiguity that might affect the insured's reasonable expectations. *Gelinas v. Metropolitan Prop. & Liability Ins. Co.*, 131 N.H. 154, 170-71 (1988). We will deem a policy term ambiguous as to coverage

when the parties may reasonably differ about their interpretation and will construe the ambiguity in favor of the insured. *Funai*, 145 N.H. at 644. "[I]nterpreting the language in favor of the insured and against the insurer is particularly applicable when ambiguities are found in an exclusionary clause." *Hoepp v. State Farm Ins. Co.*, 142 N.H. 189, 190 (1997); *see Andover Newton Theological S. v. Continental Cas.*, 930 F.2d 89, 93 (1st Cir. 1991).

We turn first to the language of the policy. The policy provides coverage for "sums that the insured becomes legally obligated to pay as damages because of 'loss' ... result[ing] from a 'wrongful act.'" A "loss" is defined as "any amount which an insured is legally obligated to pay as damages ... and shall include judgments and settlements."

Exclusion 2(h) states that the policy does not apply to:

> Any claim for salary or other remuneration or for any amounts due under the terms of any contractual obligation; however, except with respect to construction or demolition contracts, this exclusion shall not apply to fees, costs, and expenses of the investigation, defense, or appeal of any claim or suit or arbitration or administrative proceeding resulting from failure to perform, or breach of any contract.

The defendant argues that exclusion 2(h) applies to any claim in which salary or employee benefits are sought as damages, including a statutory discrimination claim. The plaintiffs counter that the exclusion applies only to contractual claims. We agree with the trial court that both interpretations of the phrase "[a]ny claim for salary or other remuneration or for any amounts due under the terms of any contractual obligation" are reasonable and that the policy language is thus ambiguous.

As we have previously noted in the workers' compensation context, "[t]he common meaning of 'claim' is 'a demand for compensation, benefits or payments.'" *Petition of Markievitz*, 135 N.H. 455, 457 (1992) (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 414 (unabridged ed. 1961)). Therefore, a reasonable person in the place of the plaintiffs, reading the policy as a whole, could read the exclusion to apply either to a demand for salary or benefits or to a demand for any amount of money due under a contract. Thus, as the defendant argues, the exclusion would apply to the teacher's discrimination claim because it included a demand for salary or benefits.

Another common meaning of the word "claim" is "a demand of a right or alleged right." *Pinckney Community Schools v. Continental Cas. Co.*, 540 N.W.2d 748, 752 (Mich. Ct. App. 1995) (quotation omitted); *see also* WEBSTER'S, *supra* at 414 (claim is "demand of a right or a supposed

right"); BLACK'S LAW DICTIONARY 240 (7th ed. 1999) (claim is "aggregate of operative facts giving rise to a right enforceable by a court" or "[t]he assertion of an existing right").

Thus, a reasonable person in the place of the plaintiffs, reading the policy as a whole, could understand the exclusion to apply to an assertion of a contractual right to salary, benefits or any other monetary payment. As the plaintiffs argue, exclusion 2(h) would not apply to the teacher's claim because it was premised upon her statutory and constitutional rights not to be discriminated against and not upon her contractual right to salary and benefits.

■ The defendant argues that this interpretation of exclusion 2(h) violates "basic rules of English punctuation." We disagree. Punctuation is "always subordinate to the text" and does not control the plain meaning of the policy language "as indicated by the words and their relation to each other considered as a whole." 2 L. RUSS & T. SEGALLA, COUCH ON INSURANCE 3D § 22:5, at 22-12 (West Group 1997).

■ Because both parties' interpretations of exclusion 2(h) are reasonable, we hold that the policy language is ambiguous. *See Hoepp*, 142 N.H. at 191. Accordingly, exclusion 2(h) does not bar coverage for the sums expended to settle the teacher's lawsuit.

We find support for our interpretation of exclusion 2(h) in other cases involving similar exclusions. *See, e.g., Andover Newton Theological S.*, 930 F.2d at 93-95 (clause excluding coverage "[f]or any amounts due, under the terms of any contractual obligation" is ambiguous; implies that only claims invoking terms of contract itself are excluded and not that statutory discrimination claims for contract-type damages are excluded); *Continental Cas. Co. v. Anne Arundel Com. College*, 867 F.2d 800, 801, 803-04 (4th Cir. 1989) (same); *Convent of Visitation School v. Continental Cas.*, 707 F. Supp. 412, 414-15 (D. Minn. 1989) (exclusion for any amounts due under terms of any contractual obligation does not apply to settlement of a statutory claim).

The defendant asserts that these cases are inapposite because they rely upon the phrase "for any amounts due under the terms of any contractual obligation." At oral argument, the defendant explained that the phrase "for salary or other remuneration" was recently added to the exclusion to make clear that claims for back-pay and front-pay in discrimination claims were excluded from coverage. This underwriting history is not part of the record, however, and may not be relied upon to interpret the exclusion.

The defendant also asserts that these cases are inconsistent with New Hampshire law. It argues that under New Hampshire law, whether a claim

is covered by a policy is determined by whether it "falls within the ... coverage grant or exclusion at issue" and not by "legal theory." In support of this assertion, the defendant relies upon *Town of Goshen v. Grange Mutual Insurance Co.*, 120 N.H. 915 (1980), and *Green Mountain Insurance Co. v. Foreman*, 138 N.H. 440 (1994). The defendant's reliance upon these cases is misplaced because they address only the scope of an insurer's duty to defend and because the defendant concedes that it not only had a duty to defend the plaintiffs, but that it fulfilled this duty.

*Affirmed.*

BROCK, C.J., and BRODERICK, NADEAU and DUGGAN, JJ., concurred.