NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

1st Circuit Court – Lancaster Probate Division
No. 2012-754


IN RE ESTATE OF JACK MICHAEL BERGQUIST

Argued: February 12, 2014
Opinion Issued: August 8, 2014


Waystack Frizzell, Trial Lawyers, of Colebrook (Erin S. Meenan and Jonathan S. Frizzell on the brief, and Ms. Meenan orally), for the petitioner.


Parnell & McKay, PLLC, of Londonderry (Rory J. Parnell on the brief and orally), for the respondent.


LYNN, J. The petitioner, Eddie Nash & Sons, Inc., appeals an order of the Circuit Court – Lancaster Probate Division (Hampe, J.) ruling that the respondent, the Estate of Jack Michael Bergquist (the estate), owes the petitioner $544.21 and excluding the petitioner's claim for post-judgment interest. We reverse and remand.

The parties either do not dispute, or the record establishes, the following facts. In November 2001, the petitioner brought a small claim complaint against the decedent in Colebrook District Court for $5,000.00 owed pursuant to an agreement to purchase logging equipment. In February 2002, the court entered a default judgment for the petitioner for $5,136.99, including costs and interest. After the decedent failed to make any payment on the judgment, the petitioner filed a motion for periodic payments in the district court pursuant to

RSA 524:6-a (2007) (amended 2009).  In 2003, the court entered a periodic payment order requiring monthly payments of $50 to begin in May 2003 until the "judgment and all costs are paid in full."  The order listed the total due as $5,394.26, but did not indicate why that total had increased more than $250 in the thirteen months following entry of the original judgment.  Neither the 2002 judgment nor the 2003 order made explicit reference to the petitioner's entitlement to continuing post-judgment interest.

The decedent made payments under the order each month until May 2011; the petitioner was made aware of his death in June 2011.  The petitioner filed a creditor's claim against the estate that included $3,697.57 for "Balance of Court Judgment," and requested the total claim "Plus Interest."  The estate objected to the claim, which the petitioner later amended to consist only of the $3,697.57 for the remaining balance on the court judgment, "plus statutory post[-]judgment interest on that amount."  At a hearing on the objection, Susan Nash represented the petitioner and stated her belief, based on her own extensive experience in small claims court, that judgments in small claims actions always included continuing post-judgment interest.  The estate agreed that the petitioner was owed $544.21 as the remaining balance due on the $5,394.26 specified in the periodic payment order, but argued that post-judgment interest had not been awarded, and should be excluded from the claim, because the periodic payment order was silent on the subject.  The probate division agreed, and entered judgment for the petitioner for $544.21.

On appeal, the petitioner argues that the probate division erred when it excluded its claim for statutory post-judgment interest.  The estate counters that the petitioner's claim for post-judgment interest is barred by the doctrine of res judicata and is an attempt to retroactively modify the 2003 periodic payment order.  Alternatively, the estate contends that an award of post-judgment interest is contrary to the purpose of RSA 524:6-a.

The probate division based its ruling on the fact that the 2002 judgment did not explicitly call for an award of continuing post-judgment interest.  However, we have held that plaintiffs can receive post-judgment interest by statute even when the original judgment is silent on that matter.  See Nault v. N & L Dev. Co., 146 N.H. 35, 36, 39 (2001); see also Lombard v. Company, 78 N.H. 280, 283 (1916) (referring to this state's long and uninterrupted practice of allowing post-judgment interest).  In addition, by statute, interest shall be awarded to a prevailing plaintiff in a small claim action.  See RSA 503:7 (2010).[1]

---

[1] "A small claim is any right of action not involving the title to real estate in which the debt or damages, exclusive of interest and costs, does not exceed $7,500."  RSA 503:1, I (2010).

Indeed, in this case, the district court apparently found that its initial judgment against Bergquist included continuing post-judgment interest: The order for payments, issued thirteen months after the court's initial entry of judgment, listed $5,394.26 as the total due to the petitioner, an increase of $257.27 from the $5,136.99 default judgment. Because the petitioner was entitled, as a matter of law, to continuing post-judgment interest, the probate division erred in excluding its claim for that interest.

The estate contends that the petitioner is not entitled to continuing post-judgment interest because it did not specifically request such interest in the district court. This argument is based on an incorrect reading of the facts in Nault. The estate asserts that Nault involved a request for post-judgment interest, which it contends is lacking here. However, the plaintiffs in Nault requested post-judgment interest in their new action to recover a deficiency on the original judgment, not in the civil action in which the judgment was first obtained. Nault, 146 N.H. at 36. The factual scenario in that case is analogous to that here, in which the petitioner seeks to assert a claim pursuant to the 2002 judgment. The difference — that this case arose from a claim in probate, rather than an action to recover a deficiency on a judgment — is of no consequence. Furthermore, it would be unnecessarily formalistic to require a plaintiff to specifically request relief to which it will be entitled as a matter of law should the money judgment not be satisfied.[2] In any event, to the extent that our holding in Nault is unclear, we now clarify it: A plaintiff awarded a money judgment is entitled to continuing post-judgment interest on the judgment as a matter of law until payment is made in full, regardless of whether the plaintiff made a request for such interest in the trial court or whether the court's order explicitly awarded such interest.

The estate also argues that the doctrine of res judicata bars the current action. "The doctrine of res judicata prevents the parties from relitigating matters actually litigated and matters that could have been litigated in the first action." Appeal of Morrissey, 165 N.H. 87, 92 (2013) (quotation omitted). "The doctrine applies if three elements are met: (1) the parties are the same or in privity with one another; (2) the same cause of action was before the court in both instances; and (3) the first action ended with a final judgment on the merits." Id. "The applicability of res judicata is a question of law, which we review de novo." Hansa Consult of N. Am. v. Hansaconsult Ingenieurgesellschaft, 163 N.H. 46, 49 (2011).

---

[2] The estate also claims that, because the petitioner did not specifically request post-judgment interest when it originally filed suit, it did not have the "opportunity to litigate" the issue. Aside from the fact that any lack of "opportunity to litigate" was due to the decedent's own actions, which resulted in the entry of a default judgment against him, the more important point is that this argument is illogical. Because we hold that a judgment creditor is entitled to post-judgment interest as a matter of law, there was simply nothing the decedent could have said to the trial court that would have changed this legal reality.

The parties agree that the first and third elements are satisfied, but they disagree as to the second element. We have defined a "cause of action" as "the underlying right that is preserved by bringing a suit or action." Id. at 50 (quotation omitted). We have also defined it as "the right to recover, regardless of the theory of recovery," and as referring to "all theories [upon] which relief could be claimed on the basis of the factual transaction in question." Morrissey, 165 N.H. at 92 (quotations omitted). The estate argues that the petitioner's request for statutory post-judgment interest arises out of the same transaction as the original small claims complaint against the decedent, but was asserted for the first time in the petitioner's claim against the estate.

Contrary to the estate's argument, the petitioner is not requesting new relief based on the decedent's original failure to pay pursuant to the 2001 purchase agreement or the 2002 default judgment. Rather, the petitioner is asserting its existing rights under the judgment against the estate, and the question before us is what amount the petitioner is already owed under that existing judgment. The petitioner is not re-asserting the same cause of action, but instead is merely seeking to enforce its entitlement to the relief it obtained in that cause of action, and thus its claim here is not barred by the doctrine of res judicata. Cf. Hansa, 163 N.H. at 50 (holding that res judicata did not apply because party's New Hampshire statutory and common law tort claims were not the same cause of action as party's motion to enforce a settlement agreement against same opposing party in a different action); Morgenroth & Assoc's v. State, 126 N.H. 266, 270 (1985) (holding that res judicata had no application because action brought under right to enforce contract was not the same cause of action as case involving town's right to obtain indemnification from the State for payments made to third parties).

Alternatively, the estate argues that allowing the petitioner's claim for continuing post-judgment interest would be contrary to the purposes of RSA 524:6-a. RSA 524:6-a provides that "[w]henever judgment is rendered against any person in this state, the court in which the judgment is rendered . . . may . . . order the defendant to make such periodic payments as the court in its discretion deems appropriate" either "at the time of rendition of the judgment" or "upon petition of the plaintiff after judgment."

The estate contends that the purpose of an order for payments pursuant to RSA 524:6-a is to fix the amount due so as to "provide the court, plaintiff and defendant a specific set schedule that they can utilize to obtain finality in their cases" and set a fixed payment that the defendant "can rightly refer to when determining when his obligation has been met." The estate cites no authority for this proposition, nor can we find any. However, we have said that "[t]he legislature's intent in passing RSA 524:6-a was to give judgment creditors a new method of obtaining payment (periodic rather than lump-sum payments), not a new source of payment." Sheedy v. Merrimack Cty. Super.

Ct., 128 N.H. 51, 55 (1986) (emphasis omitted). "The legislative history of RSA 524:6–a . . . recognizes that the statute essentially codified the existing inherent powers of the judge to order a defendant to make periodic payments." Quality Carpets v. Carter, 133 N.H. 887, 889 (1991).

Therefore, an order for payments under RSA 524:6-a does not affect the rights of either party; rather, it authorizes a defendant to pay a judgment in periodic payments rather than one lump sum. It does not "fix" the amount due, as the estate contends, nor does it eliminate a plaintiff's right to continued post-judgment statutory interest. "The very purpose of adding interest to an award or judgment . . . is to recognize the time value of money by compensating a creditor for the delay between when money is due and when it is paid." In the Matter of Liquidation of Home Ins. Co., 166 N.H. ___, ___, 89 A.3d 165, 172 (2014). Given that the legislature's intent in passing RSA 524:6-a was to "give judgment creditors a new method of obtaining payment," Sheedy, 128 N.H. at 55 (emphasis omitted), it would be contrary to this purpose to punish a judgment creditor by revoking its right to post-judgment interest in cases in which it seeks to take advantage of the periodic payment procedure. This is especially true given that a judgment debtor will take longer to pay the judgment under an order for periodic payments, the very situation in which post-judgment interest would be most important in compensating the judgment creditor for the lost time value of money. We therefore hold that the payment of continuing post-judgment interest is required by a periodic payment order entered under RSA 524:6-a.

For the foregoing reasons, we find that the probate division erred when it excluded the petitioner's claim for statutory post-judgment interest. We reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

DALIANIS, C.J., and CONBOY and BASSETT, JJ., concurred.